**MILLERS' INDEMNITY UNDERWRITERS v. CAHAL et al. (No. 1034.)**

(Court of Civil Appeals of Texas. Beaumont. Dec. 31, 1923. Rehearing Denied Jan. 30, 1924.)

1. **Appeal and error ⚖⟷660(1)—Court need not consider certiorari where case may be disposed of on assignments of fundamental error.**

Where appellants file a petition for certiorari to have defects in the statement of facts corrected and in addition file assignments of fundamental error calling in review practically the same questions raised by their original brief, the appellate court need not consider the petition for certiorari where the case can be disposed of on the assignments of fundamental error.

2. **Master and servant ⚖⟷385(8)—Method of computing compensation for partial disability.**

Under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—21), in computing the compensation, claimant is entitled to a maximum of $15 a week for total disability, and the proper method for computing the compensation for partial disability is to limit 60 per cent. of the average weekly wages to $15 per week and fix the compensation by multiplying this 60 per cent. by the percentage of disability, and not by multiplying 60 per cent. of the average weekly wages by the percentage of disability and limiting the compensation to $15 per week.

3. **Master and servant ⚖⟷418(7)—Court may decree interest on appeal under Compensation Act.**

The court may, on an appeal from an award under the Workmen's Compensation Act, decree interest in accordance with the judgment of the court, though the amount of the award is reduced, where appellee has not complained of that decree.

On Rehearing.

4. **Master and servant ⚖⟷385(11)—Statute as to compensation for "specific" injuries inapplicable where injury to specific member causes entire body to suffer.**

Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—18 to 5246—21), providing that the award under the sections for certain "specific" injuries shall be in lieu of all other compensation, is inapplicable where the injury to the specific member causes the entire body to suffer, thereby incapacitating the laborer from the performance of his usual and customary duties; the claimant in that event being entitled to compensation as for total incapacity as provided in Article 5246—18.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Specific.]

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by the Millers' Indemnity Underwriters against J. M. Cahal and others to set aside an award to defendant Cahal under the Employers' Liability Act. Judgment for defendants, and plaintiff appeals. Reformed and affirmed.

Morris & Barnes, of Beaumont, for appellant.

Howth & O'Fiel, of Beaumont, for appellees.

WALKER, J. [1] Appellees have filed a motion in this case to strike out the statement of facts, which appellants concede is well taken, but which they answer with a

petition for certiorari to the lower court to have the defects in the statement of facts corrected. Also, in the event the petition should be denied, appellees have filed assignments of fundamental error, calling in review practically the same questions raised by their original brief. They conceded, on oral argument, that if reversed the only relief they could secure on a trial on the merits could be given them under their assignments of fundamental error in this court, and they expressed a willingness for the court to reform the judgment of the lower court if we should agree with their contentions. Appellees insist that the judgment of the trial court should be sustained, but recognized that it was in conflict with Western Indemnity Co. v. Milam, 230 S. W. 825, an opinion by this court, and stated in open court that they would accept and abide by any disposition we might make of this case on authority of the Milam Case. Under this statement of the condition of this case, we do not see that any useful purpose could be effected by considering appellant's petition for certiorari, but without passing on the merits thereof, dispose of the case on the assignments of fundamental error, which go to the heart of appellant's propositions.

[2] Appellant filed this suit to set aside an award of the Industrial Accident Board against it in favor of appellees. Appellant stated, in oral argument, that the purpose of the suit was to correct an error of the Board in fixing appellees' compensation, on the facts as found and recited in the award. The trial court held that appellant's suit was filed too late to give it jurisdiction, and that appellees' cross-action was in the nature of a suit on the original award of the Board, which was as follows:

"J. M. Cahal, Employee v. Beaumont Ship Building. Millers' Indemnity Underwriters, Insurer. F-10593.

"On this 15th day of April, A. D. 1921, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board the claim for compensation made, and asserted herein by J. M. Cahal against Millers' Indemnity Underwriters; and it appearing that the questions involved herein have not been settled by agreement of the parties, as provided by law, the Board finds as follows:

"(1) That on June 3, 1920, the Beaumont Ship Building & Dry Dock Company was a subscriber to the Employers' Liability Act, and on that date carried a policy of insurance with the Millers' Indemnity Underwriters.

"(2) That on said 3d day of June, 1920, J. M. Cahal was in the employ of the said Beaumont Ship Building & Dry Dock Company, and as such employee was covered by said policy of insurance.

"(3) That on said date and while engaged in the course of his employment the said J. M. Cahal sustained injuries in the manner and to the extent set out in report of accident, claim for compensation and other evidence now of record in this cause.

"(4) That the average weekly wages of the said J. M. Cahal made the predicate of compensation herein is the sum of $40.38, and he is therefore entitled to compensation at the maximum rate of $15 per week.

"The board further finds that in consequence of said injuries the said J. M. Cahal suffered total incapacity for work from June 3, 1920, to September 3, 1920, and is therefore entitled to recover compensation herein at the maximum rate of $15 per week for the period of 12 weeks embraced between June 11, 1920, and September 3, 1920, both dates inclusive, and aggregating the total sum of $180, which is now declared to be due and payable.

"The Board further finds that following the termination of total incapacity on said 3d day of September, 1920, the said J. M. Cahal suffered permanent partial incapacity in the percentage of 30 per cent. as related to the loss of the use of a hand for which he is entitled to recover compensation at the rate of $7.27 per week for the definite period of 138 weeks beginning on September 4, 1920, and continuing thereafter from week to week as the same accrues until the full period has expired.

"The Board further finds that the said J. M. Cahal has been represented in the presentation to and prosecution of his claim for compensation by C. W. Howth, an attorney at law residing at Beaumont, Tex., and that his services rendered in this connection have been of the reasonable value of 15 per cent. of the first $1,000 and 10 per cent. of all amounts in excess of said first $1,000 paid on this award, to be paid out of weekly installments of compensation from week to week as the same accrue.

"It is therefore ordered, adjudged, and decreed by the Industrial Accident Board that Millers' Indemnity Underwriters pay to J. M. Cahal the sum of $180; and that said Millers' Indemnity Underwriters also pay to J. M. Cahal compensation at the rate of $7.27 per week for the definite period of 138 weeks, beginning on September 4, 1920, and continuing thereafter from week to week as the same accrues until the full period has expired, less a credit of the sum total of all amounts heretofore paid to the said J. M. Cahal and less attorney's fee hereinafter ordered and directed paid to C. W. Howth.

"It is further ordered, adjudged, and decreed by the Board that Millers' Indemnity Underwriters pay to C. W. Howth, an attorney of Beaumont, Tex., a fee in a sum equal to 15 per cent. of the first $1,000 paid on this award, to be paid out of weekly installments of compensation from week to week as the same accrue.

"It is further ordered, adjudged, and decreed by the Board that when this award has been paid and satisfied in accordance with its terms and provisions that the Millers' Indemnity Underwriters will be fully and finally acquitted and discharged from liability on account of this claim for compensation."

[3] On the theory that appellees' cross-action was a suit on the original award, and that appellant had filed its suit too late to give it jurisdiction, the trial court entered judgment in favor of appellees against appellant for the amount awarded him by the Industrial Accident Board. Under the construction given by us to article 5246—21, Vernon's Sayles' 1918 Supplement, in West-

ern Indemnity Co. v. Milam, supra, the action of the court in entering this judgment was fundamentally erroneous. On the facts found by the Board, appellees could not receive more than $15 a week for 12 weeks on the finding of total disability and $4.50 a week on the finding of partial disability. As we construe the article cited, this was the full extent of appellant's liability on the facts found by the Board. We therefore reverse the judgment of the trial court and here enter judgment in favor of appellees against appellant for compensation for 12 weeks at $15 per week and for 138 weeks at $4.50 per week, less a credit of $105 to be applied against the award of total incapacity, with interest at the rate of 6 per cent. per annum on each item as it matured. We are decreeing interest in accordance with the judgment of the court, because appellee has not complained of that decree, and therefore we do not feel that we have authority to reverse the trial court on that point. The costs of the lower court will be taxed against appellant, and the costs of this appeal against appellees.

Reformed and affirmed.

### On Rehearing.

[4] In our original opinion, we approved the following findings by the Industrial Accident Board:

"The said J. M. Cahal suffered permanent partial incapacity in the percentage of 30 per cent. as related to the loss of the use of the hand."

And—

"The said J. M. Cahal suffered total incapacity for work from June 3, 1920, to September 3, 1920, a period of 12 weeks."

On these findings, as shown by our opinion, the Board allowed compensation for 12 weeks' total disability, and 138 weeks' partial disability. We approved this holding, only reforming the amount of the award.

Appellant now insists that we have erred in our construction of sections 10, 11, and 12, of part 1 of the Workmen's Compensation Act, being articles 5246—18 to 5246—21, inclusive, Complete Texas Statutes 1920, which provides:

"For the injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation," etc. " * * * For the loss of a hand 60 per cent. of the average weekly wages during 150 weeks. * * * In all cases of permanent, partial, incapacity, it shall be considered that the permanent loss of the use of the member be equivalent to and draw the same compensation as the loss of that member; but the compensation in and by said schedule provided shall be in lieu of all other compensation in such cases."

The article cited names a long list of injuries designating them as "specific." To be "specific" within the meaning of the cited article, the injury must relate to the injured member alone, and incapacity must relate alone to the loss of the use of the injured member. If because of the injury to the specific member the entire body is made to suffer, thereby incapacitating the laborer from the performance of his usual and customary duties, as was the case of this appellee, then the injury is not "specific" within the meaning of the cited article, and the provision of article 5246—21, providing, "The compensation in and by said schedule provided shall be in lieu of all other compensation in such cases," has no application, but in that case compensation should be granted under article 5246—18 (section 10, part 1, Workmen's Compensation Act), which provides:

"While the incapacity for work resulting from injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of his average weekly wages, but not more than $15.00 nor less than $5.00, and in no case shall the period covered by such compensation be greater than four hundred and one (401) weeks from the date of the injury."

Under our construction of these articles, it follows that appellee was correctly given compensation for 12 weeks on the finding of total incapacity.

The motion for rehearing is in all things overruled.