## TEXAS EMPLOYERS' INS. ASS'N v. MORENO. (No. 7091.)[*]

(Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1924. On Motion for Rehearing March 5, 1924. Rehearing Denied April 2, 1924.)

**1. Appeal and error ⊜⟹977(2)—Action by trial court on motion for new trial after statutory time therefor not reviewed, being discretionary.**

Since it is wholly within the trial court's discretion to consider a motion for new trial not made within two days after verdict, as required by Rev. St. art. 2023, where he considered and acted on the motion, the appellate court is bound thereby.

**2. Master and servant ⊜⟹385(20)—Commutation of compensation not authorized in case of partial permanent disability.**

Under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33) the courts have no power to award a lump sum as compensation for injuries to an employé except it be in a case of death or total permanent incapacity, and, where jury found a 50 per cent. permanent disability in the use of an arm, judgment in a lump sum entered thereon was error.

On Motion for Rehearing.

**3. Master and servant ⊜⟹418(7)—Judgment for lump sum compensation instead of weekly payments reformed..**

Since Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44) provides that, when suit is brought under the Compensation Act, the rights and liabilities of the parties shall be determined by the provisions of the act, and the court determines the issues on trial de novo, where judgment, as entered on a verdict, was in a lump sum unauthorized by article 5246—33, such judgment

will be reformed so as to allow weekly compensation for the proper period.

### On Second Motion for Rehearing.

**4. Master and servant ⊚⟹387—Compensation for specific injury after total disability ceased, held proper.**

Under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—20), providing compensation for total disability, and article 5246—21, providing compensation for specific injuries, it was not error to allow compensation for a period of total disability, and, when such period ceased, to allow compensation for specific injury as against a contention that partial loss of the use of a specific member did not constitute a specific injury under article 5246—21, authorizing compensation when the use of a member is permanently impaired though the impairment is not total.

**5. Master and servant ⊚⟹348—Compensation Act liberally construed.**

The Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), must be construed as a whole and given the most liberal construction favorable to promote justice to the injured party.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Bartelo Moreno against the Texas Employers' Insurance Association. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Eskridge & Williams, of San Antonio, for appellant.

Samuel Belden, Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

COBBS, J. Appellee brought this suit against appellant for compensation for alleged injuries sustained by him, on or about June 10, 1922, while in the employ of Wagner & Schiffers, general contractors, who were engaged in erecting a building, and who carried a policy issued by appellant, which gave to appellee his right to compensation for his injuries under the laws of Texas.

The case was tried with a jury upon special issues, and upon their answers thereto the trial court entered judgment in favor of appellee against appellant for $2,213.71.

The verdict of the jury was rendered February 8, 1923, and no motion for new trial was filed until March 3, 1923, more than two days after the verdict.

[1] Appellee requests the court to dismiss the appeal, because Rev. St. art. 2023, expressly requires that such motions "shall be made within two days after the rendition of verdict." That was a matter entirely for the determination of the district court, who considered and acted upon the motion, notwithstanding, and we are bound thereby, and will not go into nor inquire into the action of the court; it being a matter wholly within the discretion of the court trying the cause to consider or not consider. Having considered and acted upon the motion, the case is properly before us.

[2] There was much testimony introduced, pro and con, on the material issues, and we shall not attempt to set it out or pass upon it, because from the view we take of this case it must be reversed entirely upon a question of law.

The jury found there was no "total and permanent loss of the use of his left arm; but there was a 50 per cent. permanent disability in the use of his left arm, caused by the injury sustained by him," and upon which finding the court entered the following lump sum judgment:

"The court is of the opinion that under the answers to the special issues and under the evidence the plaintiff is entitled to recover from the defendant compensation for total incapacity for a period of 200 weeks at the rate of $8.65 per week, totaling $1,730, and that plaintiff is also entitled to recover compensation for 50 per cent. permanent disability in the use of his left arm for 200 weeks at the rate of $4.32 per week, totaling $864. The court is also of the opinion that the payment of said compensation in weekly installments would work manifest hardship and injustice, said payments being inadequate to meet the necessities of the beneficiary, and therefore said weekly payments are reduced to one payment, which, allowing 5 per cent. discount on future installments under the New Jersey Table of Discounts, amounts to a total of $2,213.71.

"It is therefore on this the 3d day of March, 1923, ordered, adjudged, and decreed by the court that the plaintiff, Bartelo Moreno, do have and recover of and from the defendant, Texas Employers' Insurance Association, the sum of $2,213.71, together with interest thereon at the rate of 6 per cent. per annum from this 8th day of February, 1923, until paid, together with all costs in this behalf expended, for all of which let execution issue."

No authority has been cited in point, by appellee, that in any way sustains this lump sum judgment.

Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33, alone provides for cases in which lump sums may be entered, and that is when "total permanent incapacity results from an injury." But the jury found this issue against appellee. This article thus restricts and limits the recovery of lump sums, by "excluding any other character of lump sum settlement save and except as herein specified." But the power to increase the amount of weekly payments at a definite sum and for a definite period is a function of the Industrial Accident Board, and, notwithstanding any award or final judgment of any court of competent jurisdiction, the injured person may always appeal to it for relief. Where the "compensation being paid is inadequate to meet the necessities of the bene-

ficiary, the board shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid, allowing such discount to the company increasing such payments as is applicable in cases of lump sum settlement." Just such contingency as has arisen here, or may arise, has been foreseen and regulated by statute. But no such power is vested in the courts, except it be in case of death or total permanent incapacity. Article 5246—33.

We would, if we could, correct the error of the court and provide for weekly payments, but the testimony is in no condition that enables us to work it out.

We do not regard it an open question that any judgment for a lump sum may be entered, except as in cases provided for by the statute above cited. Huson's Tex. Work. Comp. §§ 165–202; Tex. Emp. Ass'n v. Pierce (Tex. Civ. App.) 230 S. W. 872; Ætna Life Ins. Co. v. Rodriguez (Tex. Civ. App.) 255 S. W. 447.

For the reasons given, the judgment of the trial court is reversed and the cause remanded for another trial.

### On Motion for Rehearing.

[3] The motion for rehearing calls our attention to that part of article 5246—44, Vernon's Ann. Civ. St. Supp. 1918, providing:

"That whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé or person suing on account of the death of such employé shall be against the association if the employer of such injured or deceased employé at the time of such injury or death was a subscriber as defined in this act. If the final order of the board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this act."

It is urged that by the language here used is meant that all the powers conferred upon the board by the general terms of the act are vested in the trial court to determine the issues in such cause, instead of again appealing to the board for relief. The trial is de novo before the court. So accepting that construction of the statute we shall not remand the case.

The statute seems to have been an attempt to provide a full and complete remedy whereby all matters arising under the provisions of the Workmen's Compensation Law may be speedily settled. Such suits as this seem to be classed in the nature of appeals from the action of the board, and the trial court is authorized to pass upon them de novo, so as to grant all the relief contemplated by the statute that should be granted in response to the findings of the jury. As we have construed the statute, the court was not permitted to decree a lump sum judgment, but, under the finding of the jury, was required to provide for weekly installments.

Taking the view that the trial court erred in decreeing a lump sum judgment in lieu of weekly payments, we will here correct that error. The judgment, among other things, provides:

"The court is of the opinion that under the answers to the special issues and under the evidence the plaintiff is entitled to recover from the defendant compensation for total incapacity for a period of 200 weeks at the rate of $8.65 per week, totaling $1,730, and that plaintiff is also entitled to recover compensation for 50 per cent. permanent disability in the use of his left arm for 200 weeks at the rate of $4.32 per week, totaling $864."

The motion for a rehearing is granted, and the judgment will be here reversed and reformed, so that appellee shall recover against appellant compensation for 200 weeks from June 10, 1922, at the rate of $8.65 per week and for 200 weeks thereafter at the rate of $4.32 per week.

In all other respects the judgment is affirmed.

Reformed and affirmed.

### On Second Motion for Rehearing.

It is at the earnest insistence of appellant that we file a short reply in writing to the motion for a rehearing. Appellant is in error in asserting, inferentially or otherwise, that we did not consider all the assignments of error raised by him.

The writer of this opinion is impressed with the idea that but little good results from lengthy opinions, or in discussing issues often not necessary to a decision of the case, as it would be a useless waste of time to write a thesis on the subject in hand, rather than "to stop when finished."

[4] Though invited to write at length on the subject of the Workmen's Compensation Law, we shall do so only in a limited way, and write on what seems the "soul" of appellant's contention, without any attempt at rhetorical display or useless words of elaboration. We will attempt to answer appellant's contention, that it was error to allow compensation for a period of total disability, and, when that period ceases, to allow compensation for the specific injury to appellee, insisting that the partial loss of the use of a specific member does not constitute a specific injury under the Compensation Act.

It is provided, under article 5246—21 (V. St.), if injuries result in concurrent inca-

pacities, then, as long as either incapacity exists, the employé is entitled to compensation therefor, and that the compensation for specific injuries is cumulative as to time and not concurrent. The previous section provides for the compensation of total disability.

[5] In order to understand what provision is made to meet the exigencies of each case we must construe the law as a whole, and thus give to it the most liberal construction favorable to promote justice to the injured party. Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 74. It must be given the effect that it was the intent and purpose of the law to allow compensation for total disability, as long as total disability existed, together with compensation for any partial disability that might exist. So then, claiming compensation for subsequent partial disability, he has the privilege of taking under the general provisions giving compensation for partial disability to work, or of taking under the provisions of the article granting compensation for specific injuries to particular members of the body, if the injury happens to come under one of the specific injuries enumerated, provided he cannot recover under the general provision for partial incapacity to work, and at the same time recover for the partial incapacity of a specific member, for the statute provides the recovery for the specific member's incapacity shall be in lieu of such other recovery.

It will be observed in the last paragraph of article 5246—21, that in other cases where the incapacity is partial, and not total, "compensation shall be determined according to the percentage of incapacity."

Clearly, the statute authorizes allowance of compensation when the use of a member is permanently impaired, though the impairment be not total. The damages should be computed by determining the percentage of permanent impairment. Maryland Casualty Co. v. Ferguson (Tex. Civ. App.) 252 S. W. 854; Millers' Indemnity Underwriters v. Cahal (Tex. Civ. App.) 257 S. W. 957.

There is no double recovery allowed in this case. Appellant's motion for a rehearing is overruled.