**MALEDON v. TEXAS EMPLOYERS' INS. ASS'N. (No. 10380.)**

Court of Civil Appeals of Texas. Dallas. Oct. 27, 1928.

Rehearing Denied Dec. 15, 1928.

White & Yarborough, of Dallas, for appellant.

Harry P. Lauther and Wm. M. Cramer, both of Dallas, for appellee.

VAUGHAN, J. This is a compensation suit. Appellant, G. W. Maledon, was a claimant before the Industrial Accident Board of Texas, and plaintiff in the trial court. Appellee, Texas Employers' Insurance Association, issued the employee's liability accident policy to appellant's employer, on which recovery was and is sought by appellant.

Appellant was a night watchman for the Dixie Watch Company in Dallas county, Tex. While in the course of his employment he was attacked by two armed robbers, and in the fight that ensued appellant was shot in the hand and was beat over the head with pistols and left lying on the ground unconscious. In due time and proper form, appellant filed his claim for compensation before the Industrial Accident Board, and, from the award of that board, properly perfected his appeal to the district court of Dallas county, Tex.

No question was raised concerning jurisdictional matters, the only question being the extent of appellant's injuries. The case was tried on special issues, and resulted in a verdict finding that appellant sustained total disability for a period of ten weeks from his injuries received on March 19, 1927, other than those to his hand; that he sustained 20 weeks' total loss of use of his hand; that he sustained permanent partial incapacity to the hand to the extent of 40 per cent. thereof. In response to other issues, the jury found that appellant was totally disabled from all causes for a period of 20 weeks. It was agreed that the compensation rate of appellant was and is the sum of $13.85 per week, and, further, that he was not entitled to compensation for the first week of disability, as the law, at the time of his injuries, did not allow compensation for that week.

The question presented by this appeal is, Was the proper judgment rendered on said verdict? In other words, was the judgment rendered thereon by the trial court the one authorized and required to be rendered on the findings of the jury, under the terms of the Workmen's Compensation Statute? The trial court first rendered a judgment awarding appellant $13.85 per week for 9 weeks for his total disability; the futher sum of $13.85 per week for 20 weeks for the total loss of use of his hand; and, following the 29 weeks' period, he was awarded $5.54 per week for a period of 131 weeks for the 40 per cent. permanent partial loss of the use of his hand.

Appellee filed a motion to reform this judgment, which was sustained, and the judgment appealed from rendered, making the 10 weeks' total disability and the 20 weeks' total loss of the use of the hand to run concurrently, and the appellant awarded recovery for a period of 19 weeks at $13.85 per week, and for a period of 131 weeks at $5.54 per week. From this judgment appellant duly perfected his appeal. No statement of facts was filed. Appellant claims that the trial court rendered judgment for a smaller amount than found by the jury; that appellant was entitled to judgment for 29 weeks at $13.85 per week, and for the additional sum of $5.54 per week for 300 weeks.

The answers of the jury to the special issues submitted established the following facts:

(2) That said total disability extended for a period of 10 weeks from the date of the injuries; (3) that appellant sustained total loss of the use of his left hand as a natural result of the said injuries sustained by him, and that such total loss continued for a period of 20 weeks; (4) that appellant sustained a 40 per cent. permanent partial loss of the use of his left hand as result of injuries so received by him; (5) and that appellant sustained total disability as a natural result of all the injuries received by him for a period of 20 weeks.

It is contended by appellant that (a) the

injury to the head is a general injury, and the injury to the hand is a specific injury, under the Workmen's Compensation Law, and that where a person has a general injury and a specific injury, said injuries are cumulative as to time and not concurrent; (b) that, the jury having found that appellant was totally disabled for 10 weeks, solely by injuries exclusive of those to the hand, and that he had sustained the total loss of use of his hand for 20 weeks, appellant was entitled to have the 20 weeks' loss of use of his hand added to the 10 weeks' total disability from other causes; (c) that, the jury having found that appellant had sustained permanent partial use of his hand to extent of 40 per cent. thereof, he was entitled to recover, in addition to compensation awarded him for the 20 weeks' total disability, 40 per cent. of the regular weekly compensation rate, namely, $5.54 per week for a period of 300 weeks, same to begin to run at the termination of his total disability; (d) that the judgment of the court as entered was erroneous, in that it was not based upon the verdict of the jury in this, appellant was only awarded recovery for 9 weeks for his total disability and for 10 weeks for total loss of use of his hand, and, for 131 weeks for permanent partial incapacity to the hand to the extent of 40 per cent. thereof.

■ The following provision of our law, namely, article 2209, Rev. Civ. Stat. 1925, is mandatory: "Where a special verdict is rendered, or the conclusions of facts found by the judge are separately stated, the court shall render judgment thereon unless set aside or a new trial is granted,"—and leaves no discretion to be exercised by the judge in the rendition of a judgment where a verdict is returned on special issues, as in the instant case. Pantaze v. Farmer (Tex. Civ. App.) 205 S. W. 521; Tompkins v. Hooker (Tex. Civ. App.) 229 S. W. 351.

We are persuaded to believe that it was not the purpose of the court to disregard the findings of the jury on the special issues submitted, but, to the contrary, the judgment shows an attempt to render judgment on such findings, and that if the judgment was not rendered thereon, so as to secure to appellant the full measure of relief he was entitled to under the law, it was because the trial judge failed to give full effect to the law applicable to the findings of the jury. Was there a failure in the judgment, as rendered, to give to appellant all of the relief he was entitled to under the pleadings, the nature of the case proved, and the verdict rendered? Article 2211, Rev. Civ. Stat. 1925, dealing with judgments to be rendered, reads as follows:

"The judgments of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. * * *"

In order to determine the extent of the relief that appellant was entitled to, under the findings of the jury, we must now consult and give effect to the following provisions of the Workmen's Compensation Law same being of vital importance to a proper determination of this question, namely, section 10 of article 8306, Rev Civ. Stat. 1925, which reads as follows:

"While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of his average weekly wages, but not more than $20.00 nor less than $7.00 and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury."

And section 11 of said article provides that:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week. The period covered by such compensation shall be in no case greater than three hundred weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of injury."

And section 12, Id., makes the following provision:

"Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

The remaining portion of this section deals with two distinct matters; therefore, for the convenience of discussing same, we divide it as follows:

"(a) In all other cases of partial incapacity, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee, compensation shall be determined according to the percentage of incapacity taking into account among other things any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employee, and the age at the time of injury.

"(b) The compensation paid therefor shall be sixty per cent. of the average weekly wages of the employees but not to exceed $20.00 per week, multiplied by the percentage of incapacity caused by the injury for such

period not exceeding three hundred weeks as the board may determine. Whenever the weekly payments under this paragraph would be less than $3.00 per week, the period may be shortened, and the payments correspondingly increased by the board."

Under the law, an injury to the head is classed as a general injury and an injury to the hand as a specific injury

■ Appellant alleged that he was hit over the head by armed robbers; that his head was bruised and fractured and he further alleged that he was shot in the hand and thereby sustained the total loss of the use thereof. As appellant's injury to his head is classed as general, and the injury to his hand as a specific injury, we are of the opinion that appellant was entitled to recovery on account of the 10 weeks' total disability sustained from injuries, other than those to his hand for 9 weeks, and, in addition thereto, for the 20 weeks' total loss of the usefulness of his hand, in all 29 weeks, instead of 19 weeks, as awarded by the court—this because a specific injury is cumulative of the general injury as to time. Therefore, the court should have rendered judgment for 29 weeks at $13.85 per week, as appellant's loss of usefulness of his hand for 20 weeks was a specific injury and cumulative as to time under the law, and should have been added on at the termination of the 10 weeks' period of total disability. Article 8306, § 12, supra; Security Union Casualty Co. v. Roberts et al. (Tex. Civ. App.) 298 S. W. 164; Texas Employers' Insurance Association v. Moreno (Tex. Civ. App.) 260 S. W. 283; Id. (Tex. Com. App.) 277 S. W. 84; Travelers' Insurance Co. v. Richmond (Tex. Com. App.) 291 S. W. 1085.

The following language of section 11, supra, is quite significant and comprehensive, viz.:

" * * * Shall pay the injured employee a weekly compensation equal to sixty per cent. of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity. * * *"

What meaning must of necessity be accorded the words, "during the existence of such partial incapacity," so as to give effect to same as a part of and co-ordinating with the rest of the language of said section? This may best be answered by an analysis of the operation of said section: (a) Compensation is provided for while the incapacity for work resulting from the injury is partial; and (b) fixes a weekly compensation equal to 60 per cent. of the difference between the average weekly wages before the injury and the average weekly wage-earning capacity during the existence of such partial incapacity; and (c) specifically limits the length of time that such compensation shall be received, namely, "the period covered by such compensation shall be in no case greater than three hun-

dred weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of injury" The real limitation fixed by section 11 is that, notwithstanding it provides that the association shall pay the injured employee the weekly indemnity, as therein specified, during the existence of such partial incapacity, same shall nevertheless be confined within a period of 300 weeks; in other words, notwithstanding that, according to the mortuary tables, the life expectancy of an injured employee would cover a period of 500 weeks, and it had been established as a positive fact that his partial incapacity would continue throughout said period of time, a recovery could not be had for a longer period of time than 300 weeks. Except the general limitation of 401 weeks, this is the only limitation upon the period of time for which recovery is provided, viz. during the existence of such partial incapacity and but for the specific limitation to 300 weeks, an injured employee would be entitled to recover judgment for compensation to run and to be paid for during the existence of his partial incapacity. The full measure of relief secured under this section to an injured employee is for a full period of 300 weeks, where the incapacity for work is partial and permanent. In all other cases of partial incapacity (not permanent), it would be during "the existence of such partial incapacity," whether for one week or any number not exceeding 300 weeks, as that would be securing to the injured employee "all of the relief to which he was entitled under the law." What about the provisions of section 12, supra, referred to by us as sections A and B? What conflicts, if any, do we find within the terms of said sections A and B, and section 11, supra? Section 10 of article 8306, supra, deals with and makes provision for compensation for total incapacity for work, while said section 11 deals only with partial incapacity for work resulting from an injury received by an employee. On the other hand, the portion of section 12, supra, designated herein as section A makes provision for partial incapacity, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee, and directs that compensation therefor shall be determined according to the per cent. of incapacity, and for the purpose of determining the per cent. of incapacity requires the "taking into account among other things any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employee, and the age at the time of injury." Said "section B" fixes the amount of the average weekly wage and the period of time to be covered by the weekly payments as follows, namely, the compensation at 60 per cent. of the average weekly wage multiplied by the percentage of incapacity, caused by the injury for such pe-

riod, not exceeding ·300 weeks. What is meant by the language "for such period"? This can only mean the period of time that would be covered by the incapacity caused by the injury—that is, the length of time over which such incapacity would extend, the extent of recovery as to time in any and all cases of partial incapacity being limited to 300 weeks to the same extent and effect as the limitation of 300 weeks is used and should be given effect to in section 11, supra. Now, if an injury is permanent, it will certainly extend· throughout the rest of the injured employee's life. However, the recovery is limited by the language, "not exceeding three hundred weeks." In other words, while recovery is ·allowed for the period of incapacity· caused by the injury same is limited to 300 weeks, although same may be permanent. The words "three hundred weeks' is a limitation as to the length of time, whether the partial incapacity is permanent or not, in that. although the partial incapacity may endure beyond the period of 300 weeks, no recovery is permitted under the law to be had on account thereof beyond 300 weeks, and prohibits recovery in cases of partial incapacity (not permanent) for a period of time above 300 weeks, however limited to any less number than 300 weeks that the proof may show that the partial incapacity may endure.

Section 11 of article 8306, supra, being a general provision in the Workmen's Compensation Law, same should be construed in connection with said section B of section 12, article 8306, in order to give full force and effect to both of said sections, there being no repugnancy in the terms of either when construed together, thereby securing to an injured employee the full measure of relief contemplated by law.

■ From the scope and character of the ·Workmen's Compensation Law, the subject-matter encompassed, and the purpose intended to be accomplished, it should be assumed that the Legislature intended to provide by said act a speedy mode of procedure, and, above all, redress for and commensurate with the injury sustained, to accomplish the one· wholesome measure, namely, to secure to an injured employee, protected by the provisions of said law, all of the relief to which he may be entitled under and by virtue of its terms. Texas Employers' Insurance Association v. Moreno (Tex. Civ. App.) 260 S. W. 283.

■ The fact is of such general common knowledge to the people of this state that the redress or remedy afforded by the Workmen's Compensation Law is, at best, so very inadequate when compared with the injuries that must be sustained in order to receive the benefit of same that we feel warranted in taking judicial knowledge thereof, and hold that by reason of such inadequacy it was not the purpose of the Legislature to confer any arbi-

trary power upon either the Industrial Accident Board or the courts to award a recovery ·as to period of time less .than that which .would. give an injured employee full relief as may be justified under the provisions of the law applied to the facts established as to extent of injury, duration of or period of incapacity, and per cent. of average weekly wages.

■ We hold that the judgment should have been so framed as to have given full effect to the findings of the jury to the special issues submitted, thereby securing to appellant all of the relief that he was entitled to under the law , namely recovery should have been awarded for 9 weeks at $13.85 per week for the 10 weeks' total disability from injuries other. than those to his hand, .and for 20 weeks at $13.85 per week for the total loss of usefulness of his hand, and for $5.54 per week for 300 weeks on account of the permanent partial loss of use of appellant's hand to the extent of 40 per cent. thereof.

Because of the failure of the court to give proper effect to the verdict under the law, judgment appealed from is reformed, and here entered for appellant as reformed, for the sum of $13.85 per week for 29 weeks and $5.54 per week for a period of 300 weeks.

Reformed, and rendered for appellant.