

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-18-00346-CV
_____

CHRIS HENNSLEY, APPELLANT

V.

GREG STEVENS, CHIEF OF POLICE, LUBBOCK POLICE DEPARTMENT,
AND CITY OF LUBBOCK, APPELLEES

On Appeal from the 72nd District Court
Lubbock County, Texas,
Trial Court No. 2017-526,477, Honorable Ruben Gonzales Reyes, Presiding

October 7, 2020

OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Chris Hennsley is a former police officer with appellee, the City of Lubbock Texas. Hennsley sued the City under the Texas Whistleblower Act, alleging that the City discriminated against him for reporting illegal activity.[1] The City filed a motion to dismiss for want of jurisdiction, arguing Hennsley's petition failed to state facts bringing the case within the Whistleblower Act's waiver of governmental immunity and that the trial

_____

[1] The Texas Whistleblower Act is contained in chapter 554 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. §§ 554.001-.010 (West 2012).

court, therefore, lacked subject-matter jurisdiction.  Because no parties submitted evidence, the district court limited its review of the City's jurisdictional challenge to the sufficiency of the allegations in Hennsley's petition.  Finding the pleading deficient, the district court conditionally sustained the City's jurisdictional challenge, but afforded Hennsley an opportunity to file an amended petition "to address" the City's motion.

After Hennsley filed a third amended petition and the City reurged its motion to dismiss, the court dismissed Hennsley's case for want of subject-matter jurisdiction.  Because we hold that one of the allegations in Hennsley's live petition was sufficient to invoke the subject-matter jurisdiction of the district court, we reverse the judgment dismissing Hennsley's claims and remand the case for further proceedings regarding that theory of recovery only.  In all other regards, we hold that the district court correctly determined that Hennsley's pleadings did not state valid claims under the Whistleblower Act, and thus would not satisfy the requisites for a waiver of immunity.

Background

According to his live petition, in December 2015, Hennsley became aware of allegations that the City's then chief of police, Greg Stevens, had engaged in sexual misconduct in violation of City policies.  Hennsley concedes Stevens's unspecified acts of alleged sexual misconduct were not a violation of law.  Nevertheless, Hennsley notified the City's mayor anyway.

Word of Hennsley's report is said to have come to Stevens's attention, who ordered Hennsley to appear before him.  Hennsley claims that during the meeting, Stevens accused Hennsley of "spreading lies and rumors all over town" and attempting

2

to "blackmail" and "extort" Stevens into altering the outcome of a pending grievance proceeding. Stevens is alleged to have threatened to fire Hennsley and to have demanded that Hennsley turn over any evidence of sexual misconduct.

Hennsley alleges that Stevens used his office of chief of police to threaten Hennsley and to quash a legitimate investigation of misconduct. According to Hennsley, Stevens's conduct at the meeting violated Texas Penal Code sections 36.05 (Tampering with Witness);[2] 36.06 (Obstruction or Retaliation);[3] and 39.01 and 39.02 (Abuse of Official Capacity).[4]

Hennsley also claims that in October 2016, Stevens contacted several Lubbock police officers who were scheduled to appear in a criminal trial as witnesses on behalf of a defendant police officer. Hennsley's petition alleges that Stevens made threatening statements to intimidate these potential witnesses and prevent them from testifying. He alleges such conduct violates Texas Penal Code section 36.05 (Tampering with Witness).

In March 2017, Hennsley was involved in a motor vehicle chase that resulted in apprehension of a criminal suspect. On March 31, Hennsley was placed on administrative leave and was not allowed to return to his regular work as a police officer. Stevens is alleged to have ordered Hennsley investigated by the internal affairs division for violating the department's pursuit policy. Hennsley alleges these and other actions

---

[2] TEX. PENAL CODE ANN. § 36.05 (West 2017).

[3] TEX. PENAL CODE ANN. § 36.06 (West 2017).

[4] TEX. PENAL CODE ANN. §§ 39.01 & 39.02 (West 2017).

were taken by the City to create "a trail of contrived evidence" for purposes of terminating him.

Hennsley filed his Whistleblower Act lawsuit against the City on July 24, 2017. In August, Hennsley made reports of alleged witness tampering regarding the criminal proceeding to the Lubbock county sheriff, district attorney, Texas Rangers, and others. On September 21, 2017, Hennsley was placed on "Indefinite Suspension Without Pay," which he characterizes to be termination from employment.

Standard

Generally, the plaintiff in a civil suit assumes the burden of affirmatively demonstrating that the trial court possesses subject-matter jurisdiction of the cause alleged. *Heckman v. Williamson Cty.,* 369 S.W.3d 137, 150 (Tex. 2012). An absence of subject-matter jurisdiction may be raised through a plea to the jurisdiction. *Ortiz v. Plano Indep. Sch. Dist.,* No. 02-13-00160-CV, 2014 Tex. App. LEXIS 7, at *2 (Tex. App.—Fort Worth Jan. 2, 2014, pet. denied).

A. The Elements of Alleging a Whistleblower Act Claim

A trial court lacks subject-matter jurisdiction over a governmental unit that is immune from suit unless the Texas Legislature has expressly waived immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). One example of an express legislative waiver of governmental immunity is found in the Whistleblower Act, providing that immunity is waived and abolished "to the extent of liability for the relief allowed" under the Act. TEX. GOV'T CODE ANN. § 554.0035; *Lueck*, 290 S.W.3d at 883 (holding that the elements for establishing jurisdiction are co-extensive with those for proving liability). Because a

4

waiver of immunity depends, in part, upon whether Hennsley sufficiently alleges a viable claim under the Whistleblower Act, it is necessary to look to the language in the Act for guidance:

> A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

TEX. GOV'T CODE ANN. § 554.002(a). In other words, under the Whistleblower Act, a plaintiff is required to prove: (1) that the plaintiff was a public employee, (2) that the plaintiff reported a violation of law in good faith, (3) that the violation of law reported was committed by the plaintiff's employing governmental entity or another public employee, (4) that the report was made to an appropriate law enforcement authority, and (5) that the plaintiff's employing governmental entity took an adverse personnel action against the plaintiff because of the report. *Reding v. Lubbock Cty. Hosp. Dist.,* No. 07-18-00313-CV, 2020 Tex. App. LEXIS 2312, at *3 (Tex. App.—Amarillo Mar. 18, 2020, no pet.) (mem. op.).

B. The Prerequisites for Suing on a Whistleblower Act Claim

In addition to sufficiently pleading a claim under the Whistleblower Act, Hennsley must also allege he has satisfied certain conditions precedent before suing the City. Via section 311.034 of the Code Construction Act, the Texas Legislature has declared that these prerequisites are jurisdictional. TEX. GOV'T CODE ANN. § 311.034 (West 2013); *City of Madisonville v. Sims*, No. 18-1047, 2020 Tex. LEXIS 322 at *5 (April 17, 2020) (per curiam); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012). The

5

Whistleblower Act contains two prerequisites to a plaintiff suing: (1) the plaintiff must initiate the employer's available grievance or appeal procedures not later than ninety days after the alleged violation occurred or was discovered through reasonable diligence; and (2) the plaintiff must timely sue within the timelines articulated in the statute. TEX. GOV'T CODE ANN. § 554.006.

C. Standards for Assessing the Sufficiency of the Pleadings

When, as here, jurisdiction depends exclusively on the allegations in the plaintiff's petition, we apply a de novo standard of review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We look to whether the plaintiff alleges facts that affirmatively demonstrate the court's jurisdiction. *Id.* When the pleadings do not affirmatively demonstrate subject-matter jurisdiction, our Supreme Court guides disposition of the matter:

> If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.

*Id.* at 226-27 (citations omitted).

Pleading jurisdictional facts is not reviewed under a heightened pleading standard, nor is a plaintiff required to reveal the evidence in support of its claims. *Id.* at 230. Instead, our review looks to the plaintiff's intent, construing the pleadings liberally in favor of jurisdiction and accepting the non-conclusory statements in the pleadings as true. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *Lueck*, 290 S.W.3d at 884.

6

Analysis

To determine whether Hennsley has sufficiently pleaded a violation of the Whistleblower Act, we assess each allegation in light of the elements articulated in section 554.002(a) and the proper standard of review.

1. Whether Hennsley Alleged He Was a Public Employee

Hennsley alleged he was a peace officer employed by the City's police department for over fifteen years. His rank was patrolman. For the purpose of Hennsley's Whistleblower Act claim, the City does not dispute his status as a public employee. We hold that Hennsley has appropriately alleged he was a public employee during the relevant period.

2. Whether Hennsley Alleged the City is a Unit of Local Government

There is no disagreement with the allegations in Hennsley's petition that the City of Lubbock is a unit of local government. This element is satisfied.

3. Whether Hennsley Alleged He Reported, In Good Faith, a Violation of Law

We next examine whether Hennsley sufficiently alleged he reported in good faith a violation of law. The phrase "'good faith' means that (1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of the employee's training and experience." *Wichita Cty. v. Hart,* 917 S.W.2d 779, 784 (Tex. 1996). A police officer's allegations of a violation of law may be more closely scrutinized because the officer may have had greater experience determining whether conduct violates the law than those of other backgrounds. *Id.* "Law" as used in the

Whistleblower Act means a state or federal statute, an ordinance of a local governmental entity, or "a rule adopted under a statute or ordinance." TEX. GOV'T CODE ANN. § 554.001(1). Hennsley's live pleadings identify two reports in which he alleged a violation of law by Stevens.

### (a) The First Report

With regard to allegations that Stevens violated city policy by engaging in sexual misconduct, Hennsley, a veteran police officer, concedes that such acts are not a violation of law. Rather, Hennsley claims that Stevens's acts in response to learning of Hennsley's allegation constitute a "use of his office as Chief of Police to threaten [Hennsley] and quash an investigation," in violation of the following portions of the Texas Penal Code: Sections 36.05 (Tampering with Witness); 36.06 (Obstruction or Retaliation); and 39.01 and 39.02 (Abuse of Official Capacity).

Hennsley supports his first example of whistleblowing liability with the following pleaded facts: Stevens, after learning of Hennsley's report of sexual misconduct, ordered Hennsley to appear at department headquarters. Hennsley was allegedly ordered to leave his cell phone with the internal affairs division to ensure there was no recording of the conversation. Stevens demanded that Hennsley turn over all evidence regarding alleged sexual misconduct and threatened that Hennsley could be fired. Hennsley also alleges in conclusory form that Stevens made threats "in an attempt to destroy evidence and stifle any investigation into his misconduct." We describe below why Stevens's alleged actions, even if proven to be true, do not allege violations of law.

8

1) Tampering with Witness (Texas Penal Code section 36.05).  We hold that Stevens's alleged "use of his office as Chief of Police to threaten [Hennsley] and quash an investigation" does not constitute a violation of the witness tampering provision of section 36.05 under the specific circumstances of this case.  That section specifically pertains to instances in which an actor seeks to influence a witness or potential witness in an official proceeding. *Id.*  However, Hennsley never alleges that anyone was a witness or potential witness in any official proceeding pertaining to sexual misconduct; there was only an alleged investigation of whether a City policy had been violated. Moreover, Hennsley never alleges any fact that Stevens coerced anyone to testify falsely; to withhold testimony, information, documents, or things; to elude a summons to testify; or to absent themselves from proceeding to which they have been summoned.

2) Obstruction or Retaliation (Texas Penal Code section 36.06).  We likewise hold that Hennsley failed to allege a violation of section 36.06.  Elemental to prosecution under this section is the requirement that an actor "intentionally or knowingly harm[] or threaten[] to harm another *by an unlawful act*."  *Id.* at § 36.06(a) (emphasis supplied).  Hennsley does not identify an independent unlawful act threatened by Stevens. *See Meyer v. State*, 366 S.W.3d 728, 732 (Tex. App.—Texarkana 2012, no pet.) (threat of harm held not to constitute violation of section 36.06 in absence of threat to perform unlawful act.).

3) Abuse of Office/Official Capacity (Texas Penal Code sections 39.01, 39.02).  Finally, Stevens's alleged actions do not rise to the crime of abuse of office or abuse of official capacity.  Hennsley does not identify any violation of law related to Stevens's office or employment, as required by section 39.02 (a)(1).  Nor does Hennsley identify any

9

government property, services, personnel, or other thing of value that was allegedly misused by Stevens, fundamental to section 39.02 (a)(2).

Hennsley failed to allege a violation of law stemming from his sexual misconduct reports. Moreover, we hold that a law enforcement officer with more than fifteen years of training and experience would know, or should know, that the matters alleged here do not constitute violations of law. We accordingly hold that Hennsley did not make a good faith allegation that Stevens had violated the law regarding investigation into alleged sexual misconduct. *See Harris Cty. v. Grabowski*, 922 S.W.2d 954, 956 (Tex. 1996). The allegations regarding Stevens's sexual misconduct do not meet the standards for waiving governmental immunity.

Because Hennsley's first reported violation of law (as well as "additional acts of retaliation" related to such acts) fails to allege facts that, if true, would constitute a waiver of governmental immunity, we hold that the district court correctly found that such portion of Hennsley's pleadings did not bring Hennsley within the Whistleblower Act's waiver of immunity. It is unnecessary to permit Hennsley the opportunity to amend his pleadings for this theory of report as his pleadings contain incurable defects.

(b) The Second Report

Hennsley also alleges that in October 2016, Stevens allegedly met with "several" department police officers wherein he communicated "statements that the witnesses believe were attempts to intimidate them and to prevent them from testifying" on behalf of a defendant at an upcoming criminal trial. As discussed above, Texas Penal Code section 36.05 proscribes an actor, with intent to influence, from coercing a witness or

10

prospective witness to, *inter alia*, testify falsely, withhold information, or withhold documents in an official proceeding. In light of the liberal pleading standard and the inferences drawn in favor of the plaintiff at this stage, we hold that Hennsley has sufficiently alleged a violation of law for witness tampering regarding the criminal trial.[5]

## 4. Whether Hennsley Reported to an Appropriate Law Enforcement Authority

Hennsley claims that in August 2017—ten months after Stevens allegedly intimidated witnesses to prevent their trial testimony—Hennsley reported the conduct to various law enforcement officials, including the Lubbock County Sheriff, Lubbock County District Attorney, a deputy sheriff, and two Texas Rangers. Section 552.002(b) articulates that an appropriate law enforcement authority includes portions of state or local government that the employee believes in good faith to be authorized to investigate and prosecute violations of criminal law. We Court holds that Hennsley satisfied this pleading element when he identified the numerous law enforcement officials to whom he reported Stevens's alleged witness tampering.

## 5. Whether Hennsley Alleged That His Report Was the But-For Cause of The Suspension or Firing

Texas law does not require Hennsley to show that his report was the "sole" or the "substantial" reason for why he was terminated, only that the adverse action "would not have occurred when it did" if the report had not been made. *Office of Attorney Gen. v. Rodriguez*, 605 S.W.3d 183 (Tex. 2020) (citing *Tex. Dep't of Human Servs. v. Hinds*, 904

---

[5] Today's assessment of Hennsley's pleadings does not dispense with his obligation to produce sufficient evidence supporting such allegations. *See Montgomery Cty. v. Park*, 246 S.W.3d 610, 612 (Tex. 2007) (dismissing plaintiff's suit when evidence was deficient to support elements of Whistleblower Act.).

11

S.W.2d 629, 633 (Tex. 1995)); Tᴇx. Gᴏv'ᴛ Cᴏᴅᴇ Aɴɴ. § 554.002(a).  Nevertheless, proving but-for causation necessarily requires that the report precede the alleged retaliatory act.  *Univ. of Houston v. Barth*, 403 S.W.3d 851, 857 (Tex. 2013) (per curiam) (holding that employment actions taken before report was made could not support causation under Whistleblower Act); *Bates v. Pecos Cty.*, 546 S.W.3d 277, 288 (Tex. App.—El Paso 2017, no pet.) (same).

The Court finds a single allegation of an employment decision that occurred after Hennsley reported Stevens's alleged trial witness tampering.  Specifically, Hennsley was placed on indefinite suspension without pay (i.e., terminated) on September 21, 2017 "in retaliation for [Hennsley's] reporting possible violations of the law to appropriate law enforcement officials."  If the suspension, termination, or an adverse personnel action occurs within ninety days after an employee makes a report to a law enforcement authority, there exists a rebuttable presumption that the personnel action was imposed because of the employee's report.  Tᴇx. Gᴏv'ᴛ Cᴏᴅᴇ Aɴɴ. § 554.004(a).  We hold that at this stage in the proceedings, Hennsley's pleading that he was fired for filing his second report satisfies the requirement that he allege but-for causation.

6. Whether Hennsley Timely Invoked the Grievance/Appeals Process and Timely Sued

Holding that Hennsley made a single allegation that, if true, would constitute a waiver of immunity, we next look at section 554.006's requirement that Hennsley comply with the prerequisites to suit.  As a part of its argument that Hennsley did not comply with the "pre-suit" requirements of the Act, the City emphasized that Hennsley failed to demonstrate he timely "filed suit."  But the initiation of litigation with the filing of a lawsuit

12

is not the proper event to examine. Texas Government Code section 554.006(a) instead provides:

> A public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action *before suing* under this chapter.

TEX. GOV'T CODE ANN. § 554.006(a) (emphasis added). The employee must initiate the grievance/appeal process no later than ninety days after (1) the alleged violation occurred, or (2) the violation was discovered by the employee through reasonable diligence. TEX. GOV'T CODE ANN. § 554.006(b). Sections 554.005 and 554.006(c),(d) set out the timeframe within which the employee "must sue" the governmental entity; they depend on the timing of when the grievance/appeal process was initiated.

In cases when an employee alleges a single adverse employment decision, distinguishing between when a plaintiff "fil[es] suit" or sues is meaningless for purposes of section 554.006. However, in this case, Hennsley had already filed suit to seek redress for retaliation allegedly stemming from his first report when he was indefinitely suspended from employment, allegedly for filing a second report. It would have been impossible for Hennsley to initiate a pre-*lawsuit* grievance for a suspension that had not yet occurred. We hold that section 554.006(a)'s requirement for Hennsley to initiate his grievance/appeals process "before *suing* under this chapter" does not preclude Hennsley from amending his pleadings to sue for a new violation of the Whistleblower Act so long as he properly complies with sections 554.005 and 554.006 before asserting the new claim. When a plaintiff alleges multiple reports in support of his whistleblower claim, each report must be evaluated for compliance with Texas law. *See Hernandez v. Dallas Indep.*

13

*Sch. Dist.*, 05-17-00227-CV, 2018 Tex. App. LEXIS 2722, at *6 (Tex. App.—Dallas Apr. 18, 2018, no pet.) (mem. op.) (examining multiple reports to determine compliance with jurisdictional requirements) (citing *Gonzalez,* 325 S.W.3d at 626).

While we hold that Hennsley was not barred from amending pleadings to allege he was terminated from employment during the pending suit, we are unable to determine whether Hennsley complied sections 554.005 or 554.006 before he amended his petition on October 17, 2017. In that amended pleading, Hennsley alleged he filed grievances regarding "these actions," but the timeline remains vague. Accordingly, we hold that Hennsley's pleadings currently lack sufficient information to affirmatively demonstrate the trial court's jurisdiction over employment termination allegedly in retaliation for Hennsley's second report; his pleadings do not incurably demonstrate an absence of jurisdiction, either. Per application of *Miranda*, Hennsley should have an opportunity to amend to plead facts that state (1) when he initiated the grievance/appeals process, if any, for the indefinite suspension;[6] and (2) when said grievance process was completed, if ever.[7] 133 S.W.3d at 226-27. If Hennsley is unable to affirmatively show that he complied with the procedural requisites before he filed his amended pleading on October 17, 2017, the district court should dismiss Hennsley's employment termination claim for want of subject-matter jurisdiction. Of course, the district court may consider evidence and must do so if it is necessary to resolve the jurisdictional issue. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

---

[6] *See* TEX. GOV'T CODE ANN. § 554.006(a),(b).

[7] *See* TEX. GOV'T CODE ANN. §§ 554.005, 554.006(c),(d).

14

## Conclusion

With regard to Hennsley's claim that he was terminated from employment for reporting Chief Stevens's alleged tampering with witnesses in the pending criminal trial, we hold that Hennsley sufficiently alleges the first part of showing a waiver of immunity under the Whistleblower Act. However, the current state of Hennsley's pleadings do not affirmatively show or negate his compliance with the prerequisites for suing. We therefore vacate the judgment of dismissal and remand this matter solely for the district court to determine whether Hennsley complied with sections 554.005 and 554.006 when asserting this claim.

In all other regards and for all other theories alleging Whistleblower Act liability, we hold that the district court correctly found that Hennsley's allegations are insufficient to overcome the bar of immunity. Further, we hold that such pleading defects are incurable and decline to afford Hennsley the opportunity to amend.

Lawrence M. Doss
Justice

15