## TEXAS EMPLOYERS' INS. ASS'N v. PIERCE. (No. 2407.)

(Court of Civil Appeals of Texas. Texarkana. March 31, 1921.)

1. **Master and servant ⊚⟾403 — Compensation claimant has burden of proving employer a subscriber under statute.**

Employé, suing to set aside award made by the Industrial Accident Board under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—100), had the burden of proving that the employer was a subscriber under the Compensation Act at the time of the injury, under article 5246—44.

2. **Master and servant ⊚⟾404 — Compensation award not competent to prove employer a subscriber.**

In employé's action to set aside award of Industrial Accident Board under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, §§ 5246—1 to 5246—100) recital in the award was not competent to prove the employer a subscriber within the act, the trial in such case being de novo, requiring employé, without respect to proceedings, before the Industrial Board to prove by competent evidence the facts entitling him to the relief sought.

3. **Master and servant ⊚⟾385(20)—Compensation in lump sum authorized only in case of total incapacity.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33, providing that in Workmen's Compensation proceedings where death or total permanent incapacity results the association's liability may be redeemed by payment of a lump sum "by agreement of the parties," and that the section shall be construed to exclude any other character of lump sum settlement, provided that, "in special cases, where in the judgment of the board manifest hardship or injustice would otherwise result, the board may compel the association, in the cases provided for in the section, to redeem their liability by payment of a lump sum as may be determined by the board," the association cannot be required to make a lump sum settlement, except in case of death or total permanent incapacity, notwithstanding that manifest hardship or injustice might result by denial of lump sum settlement, in view of articles 5246—14, 5246—15, 5246—18, 5246—19, 5246—21, 5246—22, 5246—23, 5246—34, 5246—37.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Suit by C. F. Pierce against the Texas Employers' Insurance Association. Judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

This suit was by appellee as plaintiff against appellant to set aside an award made by the Industrial Accident Board on account of personal injury he suffered while performing service as an employé of the Gulf Pipe Line Company, which, he alleged, was a "subscriber" within the meaning of the Workmen's Compensation Act (articles 5246—1 to 5246—100, Vernon's Statutes, 1918 Supplement), and to recover of appellant in a lump sum $6,000, being $15 a week for 400 weeks, which he claimed he was entitled to by force of provisions in said act. In his petition appellee alleged that from the time of the accident to the time he filed the suit he was, because of the injury—

"totally incapacitated from doing any character of work or labor; that his injuries are permanent in their nature and that he will be totally incapacitated to do and perform any character of labor or work for more than 401 weeks in the future."

In its answer, which consisted of a general exception and a general denial, appellant joined appellee in his prayer that the award be set aside.

In response to special issues submitted to them the jury found as follows: (1) That appellee suffered hernia or rupture as a result of the injury he received. (2) That the hernia appeared suddenly and immediately following the injury. (3) That appellee never before the injury suffered from hernia. (4) That the injury was accompanied by pain. (5) That appellee's kidney was not dislocated

or torn loose as a result of the accident. (6) That he suffered strain or other injury to his back as a result of the accident. (7) That he was incapacitated to work and earn money by reason of the injury he suffered. (8) That such incapacity was partial only. (9) That such incapacity would continue 10 years. (10) That the average amount appellee earned weekly before the injury was $35. (11) That afterward the average amount he was able to earn weekly was $3.50. (12) That manifest hardship or injustice would result to appellee if he were not permitted to recover such compensation, if any, as he was entitled to in a lump sum. Thereupon the trial court rendered judgment in appellee's favor for $765, together with $12.12 interest, as the compensation then due him, and for $3,285.88, which was $15 a week for 249 weeks, as the compensation he would become entitled to, for all of which execution was awarded.

Harry P. Lawther, of Dallas, for appellant.
Evans & Starnes, of Greenville, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] For the purpose of discharging the burden resting on him article 5246—44) to prove that the Gulf Pipe Line Company was a "subscriber" within the meaning of the Workmen's Compensation Act at the time he suffered the injury complained of, appellee offered and the trial court admitted as evidence, over appellant's objection thereto on the ground that it was incompetent, irrelevant, and immaterial, a part of the award of the Industrial Accident Board; reciting that said pipe line company was such a subscriber. The assignment in which appellant complains of this action of the trial court must be sustained. The effect of a suit like this one "is similar," the Court of Civil Appeals said in Casualty Co. v. Griesenbeck, 210 S. W. 273, "to that of appealing from a judgment of a justice court. The trial is de novo; that is to say, it is to proceed as though no former trial had been had." Hence it devolved on appellee, without respect to the proceedings before the Industrial Accident Board and its award, to prove by competent evidence the facts entitling him to relief he sought. Recitals in the award were not such evidence. Association v. Downing, 218 S. W. 112. The testimony in question not being competent evidence of the fact it was admitted to prove, and there being no other testimony on which to base a finding that the pipe line company was a "subscriber," it follows that the judgment was unauthorized, and therefore erroneous. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533.

[3] Notwithstanding the jury found that the incapacity to work and earn money resulting to appellee from the injury he suffered was only partial, the court rendered judgment in his favor for a lump sum, which he found to be the amount appellee would be entitled to in the future on account of such incapacity. This part of the judgment evidently was on the theory that the statute authorized it, if, as found by the jury, it would be "manifest hardship or injustice" to deny him such a recovery. Appellant insists that the statute (article 5246—33) authorizes such a recovery only when death or total permanent incapacity results from the injury to the employé. We think the contention must be sustained, and therefore that the judgment in that respect is erroneous. The article of the statute referred to is as follows:

"In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board hereinafter created. This section shall be construed as excluding any other character of lump sum settlement save and except as herein specified; provided, however, that in special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board."

When the avowed purpose of the act (article 5246—37) to provide for the payment weekly of the compensation an injured employé is entitled to, and other provisions of the act (articles 5246—14, 5246—15, 5246—18, 5246—19, 5246—21, 5246—22, 5246—23 and 5246—34) are kept in mind, it is plain, we think, that the trial court erred when he construed the article of the statute set out above as authorizing him to render the judgment he did for a lump sum in favor of appellee. Not only was such a construction in the face of the avowed purpose of the statute, but we think it was in the face of language in said article in harmony with that purpose, and indicating that the intent of the Legislature was to restrict the payment of the compensation in a lump sum to cases where the injury to the employé resulted either in his death or a total permanent incapacity, and (1) the parties agreed it should be paid, or (2) in the judgment of the board "manifest hardship or injustice" would result if it were not paid in that way. The "special cases" referred to in the proviso evidently were cases where death or total permanent incapacity resulted from the injury, for they were the "cases provided for in this section," in which alone the board was authorized to compel the association to pay the compensation the employé was entitled to in a lump sum.

Other questions presented by the assignments will not be determined, as they are not likely to arise on another trial of the case.

The judgment is reversed, and the cause is remanded to the court below for a new trial.