### ÆTNA LIFE INS. CO. v. RODRIGUEZ.
#### (No. 6993.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 17, 1923. Rehearing Denied Nov. 14, 1923.)

**1. Master and servant ⊜417(5)—Variance between compensation claim and claim in suit to set aside award held not to destroy identity of claims.**

Where an employee claimed compensation under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), alleging that his average weekly wage was $18 per week, and being dissatisfied with the award brought suit to set it aside, basing his claim on an average wage of $22 per week, *held*, that there was not such a difference between the allegations as to claimant's wages as to destroy the identity of the two claims.

**2. Master and servant ⊜348—Compensation Act liberally construed.**

The Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts, 5246—1 to 5246—91), being arbitrarily restrictive of the rights of employees affected thereby, should be liberally construed in behalf of such employees for the purpose of affording them the largest relief warranted by its terms.

**3. Master and servant ⊜385(20)—Commutation of compensation limited to death or total permanent incapacity.**

Where the injuries result neither in death nor total permanent incapacity, payments under the Workmen's Compensation Act cannot be commuted to a lump sum, under section 15 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—33), providing that a lump sum settlement of any other character than that specified in such section shall not be allowed and that liability may be commuted where manifest hardship and injustice would otherwise result.

**4. Master and servant ⊜385(20)—Commutation of compensation not authorized by statute allowing increase in installments.**

Workmen's Compensation Act, § 15a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—34), relating to the increase of the amount of weekly installments, where payments are inadequate to meet necessities of beneficiaries, does not authorize the lumping of the total compensation to one payment.

**5. Master and servant ⊜385(13)—Burn on arm held not to justify separation into units of permanent partial incapacity under Compensation Act.**

Where an employee sustained injuries consisting of one burn beginning below the elbow and extending down to and along the wrist, permanent partial incapacity could not be divided into two units, one to the arm and one to the hand or wrist, the elbow not being affected and the sole impairment being to the hand and fingers, and the use of the arm not being impaired except as affected through the hand or wrist.

Appeal from District Court, Bexar County; Robert B. Minor, Judge.

Action by Benjamin Rodriguez against the Ætna Life Insurance Company, to set aside an award made by the State Industrial Accident Board. Award set aside, judgment rendered for plaintiff, and defendant appeals. Reversed and remanded.

Taliaferro, Cunningham & Moursund and W. B. Jack Ball, all of San Antonio, for appellant.

Samuel Belden, Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

SMITH, J. This suit is in the nature of an appeal from an award made to appellee by the State Industrial Accident Board, under the provisions of the Workmen's Compensation Act, chapter 103, Act March 28, 1917. The Board allowed appellee approximately $400 on account of injuries received in an accident occurring to him in the course of his employment by a "subscriber" under the act in question. Appellee, being dissatisfied with the award, brought suit in the district court to set it aside, and to recover $2,540. He did in fact recover approximately $1,600, or four times the amount awarded him by the Board. The insurance company has appealed, presenting 64 assignments of error, upon which it predicates 48 points or propositions, which, however, when properly reduced, raise less than half a dozen material questions of law.

[1, 2] It is first contended by appellant that the claim presented by appellee to the Accident Board is not the one prosecuted in this suit, and that, as this action is in the nature of an appeal, triable de novo in the district court, said court had no jurisdiction. Appellant charges that the claim presented to the Board was based upon an allegation that at the time of the accident appellee's wage was $18 a week, whereas this suit was based upon the allegation that at the time of the accident appellee's "average" wage was $22 a week, upon which basis appellee sought to recover. The proof was that appellee's wage was $22 a week up to a few days, or one day, before the accident, when it was reduced to $18 a week, and so re-

mained to the time of the accident, and the jury found the average to be $19.90 a week. Appellant contends that this difference between the allegations as to appellee's wages is of such nature as to destroy the identity of the one claim with that of the other. We overrule this contention. It is quite obvious that the transaction presented to the Accident Board and in this suit covered the same accident, injury, and claim, and neither the court nor appellant could possibly have been misled by the variance, which, while perhaps apparent at first glance, is in fact not real. Appellant also complains of the sufficiency of appellee's pleadings to warrant the submission of the cause to the jury. The act in question is arbitrarily restrictive of the rights of employees affected by it, and in our opinion should be liberally construed in behalf of such employees for the purpose of affording them the largest relief warranted by the terms of the act. Tested by that rule of construction, we think appellee's pleadings were sufficient.

It is provided in sections 15 and 15a, pt. 1, of the Workmen's Compensation Act as amended by the act of March 28, 1917 (articles 5246—33, 5246—34, Vernon's Ann. Civ. St. Supp. 1918):

Art. 5246—33. (Sec. 15.) *"Lump Sum for Death or Total Permanent Incapacity.*—In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board hereinafter created. *This section shall be construed as excluding any other character of lump sum settlement save and except as herein specified;* provided, however, that in special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association *in the cases provided for in this section* to redeem their liability by payment of a lump sum as may be determined by the Board.

Art. 5246—34. (Sec. 15a.) *"Increasing Amount of Weekly Installments.*—In any case where compensation is payable weekly at a definite sum and for a definite period, and it appears to the Board that the amount of compensation being paid is inadequate to meet the necessities of the beneficiary the Board shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid allowing such discount to the company increasing such payments as is applicable in cases of lump sum settlement."

[3] It appears that the trial court commuted the compensation allowed appellee to a lump sum, having first elicited from the jury a finding that compensation in weekly installments would "result in manifest hardship and injustice." Appellant contends that a lump sum award was not authorized by the statutes, and this contention seems to us to be clearly sustained, as will be readily seen by reference to the statute and record.

It will be observed that, by the very plain provisions of section 15, compensation may not be commuted to a lump sum except in cases where "death or total permanent incapacity" is sustained by the employé, and in those cases only when (1) the parties agree thereto with the approval of the Accident Board, or (2) "where in the judgment of the Board manifest hardship and injustice would result" from payment in installments rather than in a lump sum. The latter alternative is expressly limited in section 15 to "cases provided for in this section"; that is to say, in "cases where death or total permanent incapacity" is sustained by the employé. It is conceded that the injuries in this case resulted in neither "death" nor "total permanent incapacity."

[4] It is contended by appellee that the provisions of section 15a warrant the commutation of the compensation allowed appellee to a lump sum, but this contention is untenable. It is provided by that section that in cases where compensation is payable weekly at a definite sum and for a definite period, and it appears to the Board that the amount of compensation being paid is inadequate to meet the necessities of the beneficiary, the Board shall have the power to increase the amount of weekly compensation by correspondingly decreasing the number of weeks "for which the same is to be paid." It is obvious that it was not intended by this provision to authorize the lumping of the total compensation to one payment. That is authorized alone by section 15, which by its terms expressly excludes the lumping of compensation in any other cases than those therein provided for, to wit, where the injuries result in "death" or "permanent total incapacity." Section 15a does not expressly or by implication provide for the abrogation of weekly payments; on the contrary, it negatives that purpose of providing for the deduction of the number and increasing the amount of these payments to meet the exigencies of the beneficiary during the period while the compensation is "being paid."

The trial court did not resort to section 15a in commuting appellee's compensation to a lump sum. On the contrary, it resorted to section 15, by requiring the jury to find that weekly payments would result in "manifest hardship and injustice," as provided in section 15; whereas, the computation provided for in section 15a, which appellee invokes, was authorized only in case the jury found the weekly payments "inadequate to meet the necessities of the beneficiary." So, if a lump sum had been allowable under section 15a, which in our opinion does not warrant such commutation, it would not apply here in the absence of a jury finding of the inadequacy of weekly payments. Herson's Tex. Work. Comp. §§ 165, 202; Tex. Emp. Ass'n v. Pierce (Tex. Civ. App.) 230 S. W. 872. We

think it was the plain purpose of the Legislature, and of the act in question, to "restrict the payment of the compensation in a lump sum to cases where the injury to the employé resulted either in his death or a total permanent incapacity," as was held in Texas, etc., Ass'n v. Pierce, supra.

[5] The jury found that appellee was "totally incapacitated" for 7 months, and sustained 28 per cent. permanent disability in the use of his "right arm from his elbow down," and 65 per cent. permanent disability in the use of his "right hand and wrist," upon which findings the court rendered judgment awarding appellee compensation for 29 weeks' total incapacity at $11.94 per week; for 150 weeks at $7.76 per week for 65 per cent. permanent disability "in the use of his hand," and for 50 weeks at $3.34 per week for 28 per cent. permanent disability "in the use of his arm." These calculations seem to have been made by a process supplied by the statute, and the weekly payments were commutated by the court to a lump sum, by a process also provided by statute. It will be seen from the foregoing that appellee was allowed compensation for permanent disability occurring to his right arm "from the elbow down," and also to his "right hand and wrist." Appellant contends that this constituted dual recovery; that recovery for permanent disability to both the forearm and the hand and wrist was not authorized by either the statute, the pleadings, or the evidence.

The statute seems to divide the arm in two for the purpose of allowing compensation for permanent disability, first, for the loss of "a hand," and, second, for the loss of "an arm at or above the elbow." The precise question does not appear to have been decided, or even discussed, by Texas courts, but it has been held in other jurisdictions that injuries between the elbow and the wrist should be considered injuries to the hand (for the purpose of determining permanent disability), and that such injuries cannot be separated into two units, one to the forearm and one to the hand or wrist. Honnold Wk. Comp. § 165; Kennedy v. Dist. Court, 129 Minn. 91, 151 N. W. 530. It is not necessary to decide this question here, however, for the reason that the evidence in this case does not in our opinion warrant the separation of appellee's permanent partial incapacity into two units, one to the arm, and one to the hand or wrist. The permanent injuries to appellee comprised one burn, beginning a few inches below the elbow, and extending down to and along the wrist. The elbow was not affected, and the sole impairment was to the use of the hand and fingers; the use of the arm does not appear from the evidence to have been im-

paired, except as it was affected through the hand or wrist.

There are minor questions presented, but they do not appear to be such as may arise upon another trial, and for that reason the assignments raising those questions will be overruled.

For the reasons stated, the judgment will be reversed, and the cause remanded.