## NORWICH UNION INDEMNITY CO. v. MAYNARD et al. (No. 3455.)

Court of Civil Appeals of Texas. Texarkana. Nov. 17, 1927.

**1. Trial** ⬅260(10)—**Refusing special instructions defining total incapacity, held no error, where definition in main charge was sufficient.**

Where court in its main charge in workmen's compensation case sufficiently defined total incapacity, refusing special instruction defining total incapacity *held* no error.

**2. Master and servant** ⬅417(6)—**Whether permanent impairment of forearm amounted to loss of entire arm under Compensation Act held question of law (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

Whether permanent impairment of forearm amounted to the loss of the use of claimant's entire right arm, under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), *held* a question of law.

**3. Master and servant** ⬅385(11)—**In classifying compensable injury, specific injury of serious and permanent consequence is controlling (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

Under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), in classifying an injury, the specific injury of serious and permanent consequence is controlling.

**4. Master and servant** ⬅385(13)—**Permanent impairment of forearm held equivalent to loss of hand and not to loss of entire arm (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306, § 12]).**

Under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309),

permanent impairment of forearm *held* equivalent to the loss of a hand under article 8306, § 12, but not equivalent to the loss of an entire arm, since the injury was not at or above the elbow, and judgment granting compensation as for loss of the use of the entire arm was erroneous.

5. **Master and servant ⬳385(20)—Court cannot commute compensation payments to lump sum unless injury results in total permanent incapacity (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306, §§ 15, 18]).**

Under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306, § 15), providing for payment of lump sum in special cases, and section 18, providing that it is the purpose of the Compensation Law that compensation be paid from week to week, court cannot commute payments to lump sum payments unless injury to workman results in death or total permanent incapacity to perform labor.

6. **Master and servant ⬳385(20)—Where permanent impairment of forearm did not result in total incapacity, awarding lump sum payment held unauthorized (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306, §§ 15, 18]).**

Where permanent impairment of workman's forearm did not result in his total incapacity to perform labor, it was not within the discretion of the court to award lump sum payment, and awarding such payment *held* unauthorized under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306, §§ 15, 18).

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Suit under the Workmen's Compensation Act by B. Maynard and others, claimants, against the Norwich Union Indemnity Company, insurer. From a judgment of the district court, on appeal from the Industrial Accident Board, awarding compensation, the insurer appeals. Modified and affirmed.

The suit was against the appellant as insurer under the Workmen's Compensation Act. The appellant answered by a general denial, and specially pleaded that the appellee had fully recovered and had been fully paid all compensation to which he was entitled. The only controverted issue in the case was that of the extent and degree of injury and incapacity therefrom.

The appellee B. Maynard sustained injuries on June 27, 1926, while employed by Howard G. Fields Lumber Company in Harris county, Tex., as a truck driver. He undertook to crank the truck, and it "kicked," with the result that the crank struck against the elbow of his right arm with great force, injuring it. The injury was a transverse fracture of one of the bones between the wrist and the elbow. The appellant company claimed that the injury was confined to the forearm only, the incapacity temporary, and that the ap-

pellee had fully recovered at the time of this suit. Appellee Maynard claimed that on account of the injury he had permanently lost the use of his right arm for all practical purposes. He also claimed that he was entitled to full compensation for the period of 200 weeks at the rate of $11.54 a week, and that it should be paid in a lump sum. The appellant claimed that in no event could appellee be awarded exceeding 150 weeks' compensation, and, there being a specific injury only to a member of the body, the court was without jurisdiction to compel a lump sum settlement. An award favorable to appellee was made by the Industrial Accident Board of the state on July 17, 1926, and in due time he gave notice of appeal therefrom.

The case was tried before the jury on special issues, and they made the findings that: (1) The injury which the appellee received "amounted in practical effect to the loss of the use" of "his right arm"; (2) the injury was "permanent" and not "temporary"; (3) the incapacity resulting from the injury received was "total" and not "partial"; (4) hardship and injustice would result to the appellee if the compensation due him was not paid in a lump sum payment. In keeping with the findings of the jury, the court entered judgment in favor of appellees for compensation during 200 weeks, payable in a lump sum, aggregating $1,829.77, after deducting 6 per cent. discount and $323.12 agreed credit.

The evidence offered by appellees must determine the extent of the injury. It was undisputed that the injury was a transverse fracture of one of the bones of the right forearm. And the evidence warrants the jury findings that the injury is of a permanent nature and that total incapacity to perform labor with the forearm resulted from the injury. There was some evidence that the injury to the forearm caused the entire arm to be lessened in muscular development and strength in a practical way, detracting from the normal use of the arm in the performance of manual labor. But the evidence does not leave the extent of the impairment of the arm in doubt. Dr. Schoeffer testified:

"I made an examination of the arm and hand of Mr. Maynard this morning (day of the trial). I also examined the X-ray. * * * The nerves are more or less affected in all breaks of the arm and the leg. It is not unusual in this case about the nerves being affected. * * * In my opinion the injury will never completely heal. That crookedness will never get out of that arm (forearm). There is nonunion of the bone. The effect of the lump there is to press against the ligaments and nerves and blood supply, impairing the whole supply with a weakening effect on the wrist, muscles, and arm. It interferes with the free use of the wrist, and affects the fingers and the whole hand and all through the arm. A callous bridge is forming. In my opinion it will be six months before it is completed. The mere fact that a bridge was

put in to make the bone knit is no indication that the break was more severe than any other case."

Dr. Denman testified:

"I had part in treating Mr. Maynard for his injuries. * * * That bone (of the forearm) is slightly curved. That curve or bend in the bone does not detract from the use of the arm. According to measurements, there is no shortness in the bone. It has end to end apposition, and there will be no interference in the arm. So far as the bone is concerned, the bone will be as strong as it was, if not stronger. The enlargement will disappear or absorb in time. * * * The bony union I consider exceedingly good. I think it as near perfect as the average case. The only thing that defeats it from being perfect is the slight bend. There is no functional disturbance whatever in the bone. The muscles and ligaments have not developed to normal. I believe he ought to be able to do reasonably light or ordinary manual labor of lifting light weights. It should be gradual, and after the muscles develop it could be put to more severe use. The slight bend will perhaps never disappear."

Based upon a fair view of all the circumstances, it is concluded that reasonably it should be regarded as a fact that the injury resulted in the permanent impairment of the forearm, and not the loss of the use of the entire right arm. Otherwise the jury findings have support in the evidence.

Hunt & Teagle, of Houston, for appellant.
J. P. Rogers and Ewing Werlein, both of Houston, for appellees.

LEWY, J. (after stating the facts as above). The proposition of appellant, in effect, presents the points in view that: (1) The court erred in refusing special instruction defining "total incapacity"; (2) the jury were not warranted in finding permanent loss of use of the appellee's right arm; (3) the recovery should have been limited to not exceeding 150 weeks' compensation; and (4) in the absence of agreement of the parties the court was without authority to commute the payments to a lump sum payment.

[1] The court's main charge sufficiently defined "total incapacity," and there was no error in refusing special charge.

[2-4] The evidence conclusively established the fact that the appellee's right arm was broken between the elbow and the wrist, and that there was permanent impairment of the forearm. Such permanent injury to the forearm would consequentially and naturally cause some loss of convenience and lessening of normal effectiveness of the entire arm. The amputation of the hand would be productive of the same disability. Therefore, whether such condition amounts to total loss of the entire arm, as the loss of an arm at the shoulder, within the Workmen's Compensation Act, becomes a question of law. The specific injury, of serious and permanent

consequence, would control, and, it not being "at or above the elbow," the incapacity could not be classed as for the loss of an arm. It must be otherwise classed. And, there being no specific compensation for permanent injury to the forearm between the elbow and wrist, such character of injury should be considered, it is believed, as equivalent to "the loss of a hand," for which compensation is allowable "during one hundred and fifty weeks." Article 8306, § 12, R. S.

[5, 6] The commutation of compensation to a lump sum payment is regulated by the act itself. Article 8306, § 15, reads as follows:

"In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by the payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board. This section shall be construed as excluding any other character of lump sum settlement except as herein specified. In special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board."

Further, as provided in section 18:

"It is the purpose of this law that the compensation herein provided for shall be paid from week to week and as it accrues, and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein."

It is quite manifest that this section was intended to be applicable only to the class of cases which is expressly declared to be that of "death or total permanent incapacity" resulting "from an injury." Within the purview of the act, a person may be totally disabled permanently for work as a result of an injury, or he may be partially disabled permanently or temporarily. It is believed the purpose and intention of the section is to make distinguishment between the two kinds of incapacity or disability resulting from an injury. It does not seem a reasonable construction of the language of the section to hold that the court may, in the absence of an agreement of the parties, against the will of either one, commute the payments to a lump sum payment in case of injury of a forearm or hand, as here, although a permanent injury, yet not amounting to a total incapacity to perform labor. Life Ins. Co. v. Rodriquez (Tex. Civ. App.) 255 S. W. 446. The exception in the proviso that a lump sum may be awarded when it is "manifest hardship and injustice would otherwise result" is limited to cases "provided for in this section," namely, of where death or total permanent incapacity is the result. Ins. Ass'n v. Pierce (Tex. Civ. App.) 230 S. W. 872; Ins. Ass'n v. Shilling (Tex. Civ. App.) 259 S. W. 236. In cases of injuries not of the class specified, commutation to a lump sum is not at all discretionary with

the board or the court. This is the construction given to a like section in Bailey v. U. S. Fidelity & Guaranty Co., 99 Neb. 109, 155 N. W. 237; State v. Industrial Commission, 92 Ohio St. 434, 111 N. E. 299, L. R. A. 1916D, 944, Ann. Cas. 1917D, 1162; Johansen v. Union Stockyards Co., 99 Neb. 328, 156 N. W. 511.

There is no need to remand the case, and accordingly the judgment is modified, and, as so modified, will be affirmed. It is modified so as to allow compensation of $11.54 per week during 150 weeks, less credits of $323.-12 already paid; the appellees to pay cost of appeal.