## TEXAS EMPLOYERS' INS. ASS'N v. JONES.
### No. 4037.

Court of Civil Appeals of Texas. Texarkana.
May 28, 1931.

King, Mahaffey, Wheeler & Bryson, of Texarkana, and Shelby S. Cox, of Dallas, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

SELLERS, J.

This is an appeal from a judgment of the district court of Bowie county in favor of appellee against the appellant for the sum of $1,500.70.

The suit was instituted under the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309), and upon a trial before a jury it was determined that appellee received an injury in the usual course of his employment with P. O. B. Montgomery on October 30, 1929; that such injury resulted in the total incapacity of appellee for work: that such total incapacity was not permanent, but would continue for 141 weeks; that a failure to pay appellee his compensation in a lump sum would work a manifest hardship and injustice upon him.

Upon these facts and the further fact, as found by the court, that 60 per cent. of appellee's average weekly wage was $10.80, the court entered a lump sum judgment for appellee in the sum of $1,500.70.

Appellant on this appeal has but one assignment of error, which is as follows: "Unless the incapacity for labor is both total and permanent the trial court is without authority to render judgment that future installments of compensation shall be paid in one lump sum."

We think the assignment should be sustained. The statute involved has been so often and uniformly construed by a number of the Courts of Civil Appeals, including this court, that a further discussion of such statute is unnecessary, and we deem it sufficient to quote from an opinion by Justice Levy of this court in the case of Norwich Union Indemnity Co. v. Maynard, 300 S. W. 196, 198, wherein this court's views are very ably expressed:

"The commutation of compensation to a lump sum payment is regulated by the act itself. Article 8306, § 15, reads as follows:

" 'In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by the payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board. This section shall be construed as excluding any other character of lump sum settlement except as herein specified. In special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board.'

"Further, as provided in section 18:

" 'It is the purpose of this law that the compensation herein provided for shall be paid from week to week and as it accrues, and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein.'

"It is quite manifest that this section was intended to be applicable only to the class of cases which is expressly declared to be that of 'death or total permanent incapacity' resulting 'from an injury.' Within the purview of the act, a person may be totally disabled permanently for work as a result of an injury, or he may be partially disabled permanently or temporarily. It is believed the purpose and intention of the section is to make distinguishment between the two kinds of incapacity or disability resulting from an injury. It does not seem a reasonable construction of the language of the section to hold that the court may, in the absence of an agreement of the parties, against the will of either one, commute the payments to a lump sum payment in case of injury of a forearm or hand, as here,

although a permanent injury, yet not amounting to a total incapacity to perform labor. [Ætna] Life Ins. Co. v. Rodriquez (Tex. Civ. App.) 255 S. W. 446. The exception in the proviso that a lump sum may be awarded when it is 'manifest hardship and injustice would otherwise result' is limited to cases 'provided for in this section,' namely, of where death or total permanent incapacity is the result. [Texas Employers'] Ins. Ass'n v. Pierce (Tex. Civ. App.) 230 S. W. 872; [Texas Employers'] Ins. Ass'n v. Shilling (Tex. Civ. App.) 259 S. W. 236."

We have carefully considered appellee's cross-assignment of fundamental error contained in his brief, to the effect that the court erred in failing to render judgment for him for 141 weeks partial disability in addition to the 141 weeks total disability for which judgment was rendered, and have concluded that the trial court awarded appellee all the relief the pleadings and issues, as submitted by the court and as answered by the jury, would authorize.

The judgment of the trial court is reformed so as to allow appellee compensation for 141 weeks from October 30, 1929, at $10.80 per week, with interest at the rate of 6 per cent. per annum for all past due installments from their maturity dates; the appellee to pay all costs of this appeal; and, as so reformed, the judgment of the trial court is affirmed.