## HARTFORD ACCIDENT & INDEMNITY CO. v. LEIGH.
### No. 1066.

Court of Civil Appeals of Texas. Eastland.
Feb. 17, 1933.

Eckford & McMahon, of Dallas, for appellant.

Scott & Gilbert, of Cisco, for appellee.

HICKMAN, Chief Justice.

Appellee, Edward Alford Leigh, sustained an injury to his left eye on or about June 21, 1930, in the course of his employment as tooldresser for the Lone Star Gas Company. Several months later he discovered that he was entirely blind in that eye and thereafter filed his application with the Industrial Accident Board for compensation, alleging good cause for not filing same sooner. At the time the injury was sustained the appellant Hartford Accident & Indemnity Company had in full force a policy of workmen's compensation insurance covering the employees of the Lone Star Gas Company. An award was made by the board in favor of appellee, and this suit was timely filed in the proper court to set same aside. The case was tried before a jury upon special issues and resulted in a judgment in favor of appellee and his attorneys, Scott & Gilbert, against appellant for compensation in the sum of $20 per week for 100 weeks, with interest on payments due at time of trial, all to be paid in a lump sum. The appeal is from that judgment.

Questions are presented relating to the sufficiency both of the pleadings and of the evidence on the issue of appellee's average weekly wages, and these questions will be considered together. The allegations of the petition were as follows: "That said Edward Alford Leigh further alleges that he was employed by the Lone Star Gas Company and other oil companies for many years prior to the time of said injury as an oil well driller up until the time of the injury when he was working for the Lone Star Gas Company as a tooldresser. That as such driller and tooldresser he worked seven days each week, and received daily wages therefor at the rate of $14.00 per day as a driller up to July 1st, 1929, and from that time until the time he

was injured, with the exceptions of a few months he worked as a roustabout receiving $4.00 per day, he received $8.00 per day as tooldresser, and was getting $8.00 per day at the time he was injured."

■ The injury was received on June 21, 1930. These allegations are to the effect that appellee had not worked as a tooldresser for substantially the whole of the year immediately preceding the injury, but, on the contrary, they affirmatively show that, for a few months of that time, he worked as a roustabout. A few months less than twelve months is not substantially a year. Petroleum Casualty Co. v. Williams (Tex. Com. App.) 15 S.W.(2d) 553; Commercial Standard Insurance Co. v. Carr (Tex. Civ. App.) 22 S.W. (2d) 1101.

The applicable statute is a portion of article 8309, § 1, R. S. 1925, which reads as follows:

" 'Average weekly wages' shall mean:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employee, or other employee engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties."

Subsection 1 is not applicable, because, as noted above, appellee pleaded facts which affirmatively disclose that he had not worked as a tooldresser for substantially the whole of the year immediately preceding his injury. Petroleum Casualty Co. v. Williams, supra.

■ Subsection 2 is not applicable, because the petition contained no allegation as to the average daily wage of other employees of the same class working substantially the whole of the immediately preceding year in the same or similar employment in the same or a neighboring place. In order to make this subsec-

tion applicable, the facts bringing the case within it must be alleged. Texas Employers' Ins. Ass'n v. Fitzgerald (Tex. Com. App.) 296 S. W. 509; Federal Surety Co. v. Shigley (Tex. Civ. App.) 7 S.W.(2d) 607; Zurich General Accident & Liability Ins. Co. v. Wood (Tex. Civ. App.) 10 S.W.(2d) 760; Southern Surety Co. v. Martin (Tex. Civ. App.) 16 S. W.(2d) 929.

The only subsection which could be applied under the pleadings is subsection 3. It may be that, had the facts been fully developed, with reference to claimant's employment, the length of time in the different employments, and the wages received at all times, that, under the holding of Petroleum Casualty Co. v. Williams, supra, the average weekly wages could have been computed under that subsection. But when we consider the facts we find them insufficient to enable us to apply the provisions of that subsection. They indicate that subsection 2 should have been pleaded and relied upon. Since the case must be reversed on other grounds, we shall not enter into a discussion of these facts, for they will doubtless be more fully developed upon another trial.

■ Appellee's pleading contained allegations of his necessitous condition, designed to show that manifest hardship and injustice would result if appellant did not redeem its liability by the payment of a lump sum. Appellant specially excepted to that portion of the pleading. It also objected to the evidence offered in support of these allegations and excepted to the judgment of the court awarding recovery in a lump sum. We sustain the assignments presenting these questions. The only provision of the Workmen's Compensation Law for lump-sum settlements will be found in article 8306, § 15, and, by the express language of that section, the right exists only in cases where death or total permanent incapacity results from the injury. Appellee's injury resulted in partial permanent incapacity, and he was therefore not entitled to a judgment in a lump sum. In recasting his pleading before another trial, appellee should omit all allegations with reference to his poverty and necessitous condition, and no evidence thereof should be admitted. Texas Employers' Ins. Ass'n v. Pierce (Tex. Civ. App.) 230 S. W. 872; Aetna Life Ins. Co. v. Rodriguez (Tex. Civ. App.) 255 S. W. 446; Texas Employers' Ins. Ass'n v. Shilling (Tex. Civ. App.) 259 S. W. 236; Texas Employers' Ins. Ass'n v. Nelson (Tex. Civ. App.) 292 S. W. 651; Oilmen's Reciprocal Ass'n v. Harris (Tex. Civ. App.) 293 S. W. 580; Norwich Union Indemnity Co. v. Davis (Tex. Civ. App.) 293 S. W. 932; Norwich Union Indemnity Co. v. Maynard (Tex. Civ. App.) 300 S. W. 196; Texas Employers' Ins. Ass'n v. Jones (Tex. Civ. App.) 40 S.W.(2d) 961.

In answer to special issues the jury found that appellee sustained an injury to his left

eye in 1900 which resulted in a partial loss of vision in that eye, and that the percentage of loss of vision from this previous injury was 25 per cent. It is the contention of appellant that the compensation to which appellee is entitled for the subsequent injury is 75 per cent. of the statutory amount allowed for the loss of the sight of an eye, and not 100 per cent. thereof, as decreed below. Article 8306, § 12c, reads as follows: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury." This statute does not undertake to reduce the amount of compensation to which a claimant is entitled for a subsequent specific injury to less than that elsewhere provided for such injury, but, on the contrary, provides that the association shall be liable for the compensation to which that injury would have entitled the injured employee had there been no previous injury. The subsequent injury in this case was the loss of the sight of an eye for which the Workmen's Compensation Law, article 8306, § 12, provides a definite compensation. That section makes no provision under which the loss of the sight of a good eye draws a greater compensation than the loss of the sight of a defective one. Had the defect in the claimant's eye been the result of natural causes or disease, there would have been no question of his right to the full amount of compensation allowed for the loss of the sight of an eye. Suppose a claimant who had lost one of the fingers of his left hand should later sustain an injury in the course of his employment, resulting the the loss of that hand. We do not believe his compensation for the subsequent specific injury for loss of a hand should be reduced on account of the previous loss of the finger. Had the claimant in this case suffered the loss of the sight of his right eye by the previous injury, so that the loss of the sight of his left eye in this subsequent injury resulted in his total incapacity, the statute would operate to limit his compensation on account of the subsequent injury to that amount specifically provided for the loss of the sight of an eye, notwithstanding the two injuries resulted in total permanent incapacity. Gilmore v. Lumbermen's Reciprocal Ass'n (Tex. Com. App.) 292 S. W. 204.

■■ Where the combined effect of the previous injury and the subsequent injury is to increase the incapacity of the employee beyond that which would have resulted from the subsequent injury alone, the statute would operate. But where, as in this case, the condition of incapacity following the subsequent injury is the same as it would have been had there been no previous injury, the statute has no application.

■ Complaint is made that some of the special issues were so framed as to place the burden of proof as to such issues upon appellant. This was error. Article 8307, § 5, as amended (Vernon's Ann. Civ. St. art. 8307, § 5), expressly places the burden of proof upon the party claiming compensation. Nobles v. Texas Indemnity Ins. Co. (Tex. Com. App.) 12 S.W.(2d) 199; Petroleum Casualty Co. v. Bristow (Tex. Civ. App.) 21 S.W.(2d) 9; Texas Employers' Ins. Ass'n v. Stephens (Tex. Civ. App.) 22 S.W.(2d) 144; New Amsterdam Casualty Co. v. Rutherford (Tex. Civ. App.) 26 S.W.(2d) 377; Commercial Standard Insurance Co. v. McGee (Tex. Civ. App.) 40 S.W.(2d) 1105.

For the errors indicated the judgment of the trial court will be reversed, and the cause remanded.