## TEXAS EMPLOYERS' INS. ASS'N v. JENKINS.

### No. 4066.

Court of Civil Appeals of Texas. Amarillo.

Oct. 4, 1933.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

W. T. Brothers, of Amarillo, for appellee.

JACKSON, Justice.

The appellee, Elmer Jenkins, instituted this suit in the district court of Potter county against the appellant, Texas Employers' Insurance Association, to set aside the decision of the Industrial Accident Board awarding to him unsatisfactory compensation for injuries he sustained while employed by the Burrus Panhandle Elevators, Inc., which carried compensation insurance with appellant for employees.

No complaint is made here of the statement of the jurisdictional facts or the cause of action as alleged in appellee's petition.

Appellant answered by general demurrer, special exceptions, and general denial.

In response to special issues submitted, the jury found, in effect, that appellee sustained personal injuries in the course of his employment with the Burrus Panhandle Elevators, Inc., which totally incapacitated him for work for a period of two hundred weeks, but that such total incapacity is not permanent; that he sustained 66⅔ per cent. partial incapacity which is permanent; that he sustained a total loss of the use of his right foot for two hundred weeks, but that such total loss is not permanent; that he suffered 66⅔ per cent. partial loss of the use of his right foot and that such partial loss is permanent; that the appellee sustained other injuries to the physical structure of his body in addition to the injury to the right foot; that the injuries to the other parts of his body were not permanent, but continued for a period of eight weeks; that there were employees of the same class working in Amarillo substantially the whole of the year immediately preceding May 27, 1931, engaged in employment similar to that of appellee, and that such employees were earning an average weekly wage of $16.80; that appellee was not entitled to a lump-sum settlement,

On these findings judgment was rendered that appellee recover $10.08 per week on account of total incapacity for a period of two hundred weeks from May 27, 1931, less $363.60 which the appellant had paid to appellee in forty-two weekly payments of $8.65 each; that appellee is entitled to recover further compensation for permanent partial incapacity the sum of $6.72 per week for a period of two hundred one weeks.

The appellant presents as error the action of the court in refusing to peremptorily instruct a verdict in its behalf because the evidence shows conclusively that the appellee was merely a temporary workman employed by the Burrus Panhandle Elevators, Inc., to assist it in the erection of a grain elevator at· Amarillo, which work was an exceptional and isolated transaction and a deviation from its regular and usual business of storing, buying, and selling grain, and hence appellee was not an employee as contemplated in the Compensation Law at the time of his injury.

The testimony discloses that the Burrus Panhandle Elevators, Inc., usually engaged in grain merchandising, storing, buying, and selling, and doing the ordinary business common among grain elevators; that it erected its own elevator plants, but engaged in construction work for itself only. That on May 27, 1931, the date on which appellee received his injuries, the corporation at Amarillo was engaged in erecting for its own use here an elevator plant with a capacity of 2,500,000 bushels and appellee was an employee of and assisting as a laborer the corporation in the construction of the plant.

Article 8309, § 1, R. C. S., contains this definition: "'Employee' shall mean every person in the service of another under any contract of hire, expressed or implied * * * except one whose employment is not in the usual course of trade, business, profession or occupation of his employer."

Appellant contends under the facts, the statute, and the construction thereof by the Commission of Appeals (Oilmen's Reciprocal Association v. Gilleland, 291 S. W. 197), that appellee's employment was not in the usual course of business of the Burrus Panhandle Elevators, Inc., and he can not recover compensation under the policy.

In the Gilleland Case, supra, the court held that the policy was issued to the City Laundry Company to insure it against liability for injuries to its employees while the laundry was engaged in its usual course of business. In the instant case the record shows conclusively that the policy of appellant was issued to protect the Burrus Panhandle Elevators, Inc., against liability for injuries to its employees, not while engaged in its usual business, but while it was engaged in the "occupation" of building a new

grain elevator at Amarillo, and in our opinion the holding in the Gilleland Case is not decisive of the question under consideration, but is clearly distinguishable on the facts.

In the record are the following instruments:

"Notice that Employer has Become Subscriber.

"The Industrial Accident Board,
    "Austin, Texas.
"Gentlemen:

"Notice is hereby given as required by the Employers' Liability Act * * * and amendments thereto, that Burrus Panhandle Elevators, Inc., of * * * Amarillo, Texas, has become a subscriber under said act and amendments thereto and provided for the payment of compensation to employees under the terms and provisions thereof by insuring with Texas Employers Insurance Association.

"Occupation Building new grain elevators * * *

"Policy No. A13956 Date effective 1–21–31 Hour effective, 12:01 A. M. Policy expires 1–21–32.

        "Burrus Panhandle Elevators, Inc."

"Industrial Accident Board,
    "Austin, Texas.
"Gentlemen:

"The foregoing notice is herewith transmitted to you as required by the Employers' Liability Act and in addition thereto we notify you of the following information.

"Employer Burrus Panhandle Elevators, Inc. * * * Amarillo, Texas.

"Location of risk Amarillo or elsewhere in Texas.

"Occupation Building new grain elevators * * *

"Policy No. A13956.

"Dated at Dallas, this the 21st day of January, 19—

        "Texas Employers
            Insurance Association."

Stamped:
"Received Jan. 23, 1931.
"Industrial Accident Board,
        State of Texas."

These instruments were duly certified as true and correct photostatic copies and indorsed: "Notice that employer has become subscriber under policy No. A13956 issued to Burrus Panhandle Elevators Inc. of Amarillo, Texas, by Texas Employers Insurance Association, effective 1–21–31, and expiring 1–21–32, said notice having been received and filed in this office on January 23, 1931, and which now appears of record in this Department in what is known and designated as 'Subscribers File.' "

Neither the contents nor the authenticity of these. instruments are questioned, and they show that the employer in this case applied to appellant for compensation insurance to protect it against liability for injuries to the employees engaged by it to construct and assist in the erection of its elevator plant at Amarillo. That the appellant accepted the application and issued the policy covering the employees of the corporation while it was engaged in "building new grain elevators."

In our opinion the decision of the court in the case supra does not hold that an employer who departs from his usual business and engages in some other business cannot, under the Compensation Law of this state, carry compensation insurance to protect himself against liability for injuries received by the employees whom he has engaged to work for him in such other business, if he so contracts.

█ It is undisputed that appellant voluntarily paid the appellee under the policy weekly compensation for his injuries for several weeks. This is a cogent circumstance to show that appellant understood and construed the policy to cover injuries to the employees of the Burrus Panhandle Elevators, Inc., who were engaged in the construction of its elevator plant at Amarillo. Bankers' Lloyds v. Seymour (Tex. Civ. App.) 49 S.W.(2d) 508, and authorities cited.

██ Appellant urges as error the action of the court in submitting special issue No. 7, quoted below, for the reason that the submission of such issue was not authorized by, or supported by, appellee's pleading.

Special issue No. 7:

"(a) Were there employees of the same class as the plaintiff Elmer Jenkins working in Amarillo, Texas, substantially the whole of the year immediately preceding May 27, 1931, in the same or in a similar employment as the plaintiff was engaged in at the time of his injuries, if any? Answer yes or no. Yes."

"(b) If so, what was the average weekly wage being earned by such employees? $16.80."

On the method of determining compensation, the petition is: "Plaintiff represents and shows to the Court that his average weekly wage can not be computed from the class of work he was doing at the time of his injury for the reason that he did not work in that class or kind of work substantially the whole of the year immediately preceding the injury; nor can it be computed on the basis of wages received by other employees working in the same or similar class of work substantially. the whole of such immediately preceding year for the reason that the same or similar kind of work was not being carried on in the same or a neighboring place during substantially the whole of the preceding year; plaintiff states, how-

ever, that his average weekly wage may be fairly and justly arrived at by taking into consideration the different classes of work performed by him during the preceding year and the wages received therefor."] Then follows allegations naming the parties by whom appellee was employed at intervals during the preceding year, the time he worked, and the price received therefor.

Subsections 1, 2, and 3 of section 1, article 8309, R. C. S., provides three methods for determining the "average weekly wages" of an employee. In his pleading appellee recognized that the burden was on him to show that it was impracticable to compute his average weekly wage under either subsections 1 or 2 of said article before he could resort to subsection 3, as held in American Employers' Ins. Co. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26. He did not allege the average daily wage of other employees of the same class engaged in similar work for substantially the whole of the preceding year, etc., as required by subsection 2, but affirmatively averred that his average weekly wage could not be determined under either subsections 1 or 2 and sought to have his compensation determined under subsection 3. Immediately following special issue No. 7, the court advised the jury if they had answered such issue in the affirmative, they need not answer special issue No. 8, which, in effect, authorized the jury to compute the average weekly wage in any manner which seemed just and fair to both parties, as provided in subsection 3. Obedient to this instruction, the jury did not answer special issue No. 8. Special issue No. 7 authorized the jury to determine the average weekly wage of appellee under subsection 2 of said article 8309, R. C. S., although he had not alleged the average weekly wage of other employees, etc., under said subsection, but had pleaded affirmatively that his compensation could not be determined thereunder.

It is elementary that facts not alleged, though proved, cannot form the basis of a judgment. H. B. Cooper et al. v. A. P. Loughlin & Wife, 75 Tex. 524, 13 S. W. 37.

In Hartford Accident & Indemnity Co. v. Leigh (Tex. Civ. App.) 57 S.W.(2d) 605, 606, Chief Justice Hickman says: "The petition contained no allegation as to the average daily wage of other employees of the same class working substantially the whole of the immediately preceding year in the same or similar employment in the same or a neighboring place. In order to make this subsection applicable, the facts bringing the case within it must be alleged. Texas Employers' Ins. Ass'n v. Fitzgerald (Tex. Com. App.) 296 S. W. 509; Federal Surety Co. v. Shigley (Tex. Civ. App.) 7 S.W.(2d) 607; Zurich General Accident & Liability Ins. Co. v. Wood (Tex. Civ. App.) 10 S.W.(2d) 760; Southern Surety Co. v. Martin (Tex. Civ. App.) 16 S.W.(2d) 929."

This assignment is sustained.

The appellant assails as erroneous the judgment of the court in decreeing compensation to appellee for total incapacity at the rate of $10.08 per week for a period of two hundred weeks, less what he had theretofore received, and compensation for permanent partial incapacity at the rate of $6.72 per week for a period of two hundred one weeks, for the reason that under the record and the findings of the jury the appellee was not entitled to recover compensation for four hundred one weeks.

The jury found that appellee sustained injuries other than those to his foot, but that such injuries were not permanent, and continued for a period of only eight weeks. The injuries sustained other than those to his foot were in the nature of general injuries and certainly limited any general disability resulting therefrom to eight weeks. The injury to the foot was a specific injury scheduled under the statute, and for the loss of the use of the foot compensation is allowed for only one hundred twenty-five weeks.

Inasmuch as the judgment is reversed, we do not deem it necessary to discuss this assignment in detail, though we are of the opinion that under the record it presents reversible error. Should the pleadings and findings of the jury be the same on another trial, the number of weeks for which appellee is allowed compensation should be calculated and ascertained under the law as announced in Texas Employers' Ins. Ass'n v. Maledon (Tex. Com. App.) 27 S.W.(2d) 151. See, also, Texas Indemnity Ins. Co. v. Fry et al. (Tex. Civ. App.) 41 S.W.(2d) 679.

The judgment is reversed, and the cause remanded.